[Crim. No. 3976.   In Bank.—January 27, 1936.]

In the Matter of the Application of JAMES R. BRADY for a Writ of Habeas Corpus.

James R. Brady, in *pro. per.*, for Petitioner.

No appearance for Respondent.

THE COURT.—The petitioner was convicted in Tulare County of grand theft with three prior convictions and sentenced to be imprisoned for the term of his natural life. He claims to be illegally deprived of his liberty and in support thereof contends that the prior convictions, for one reason or another, are not such as are contemplated by section 644 of the Penal Code. ▮ We entertain no doubt that his conviction of breaking and entering as defined by the statutes of Nebraska comes within the offense of burglary mentioned in section 644, nor do we doubt that imprisonment in the men's state reformatory, as alleged in the petition, constitutes the serving of a term in a state prison within the meaning of that section. ▮ The conviction of grand theft, which is the third prior felony of which petitioner was found to be guilty, is one of the offenses enumerated by the section, and we think it can make no difference in the result that the

last crime was committed while petitioner was on parole from the state prison at Folsom where he had been imprisoned for this offense. In our opinion he had served a term for the offense for which he was on parole which would have been the entire prison term had he not violated the parole.

He avers that for the second offense, that of issuing a check without sufficient funds, he was granted probation, for which reason it cannot be counted as a prior conviction so as to deprive him of the possibility of parole. Assuming that the facts of record are in accordance with the averments, it must be conceded that petitioner has never served a term for this offense as required by section 644 of the Penal Code. Therefore he has only suffered two prior convictions within the meaning of section 644. However, under this section one convicted of a felony who has previously been twice convicted of one of the enumerated felonies must be adjudged an habitual criminal and sentenced for life but is eligible for parole after serving a minimum of twelve years. Inasmuch as petitioner has suffered two prior convictions, he is not illegally confined and the petition should be denied.

Petition for writ of *habeas corpus* denied.