[Crim. No. 1695. Third Appellate District.—November 17, 1939.]

THE PEOPLE, Respondent, v. MARTIN CARKEEK, Appellant.

Martin Carkeek, *in pro. per.*, for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

TUTTLE, J.—This is an appeal from an order denying a motion to set aside a final judgment of conviction of the crime of burglary in the second degree which carried with it an adjudication that appellant was an habitual criminal under the provisions of section 644 of the Penal Code. The appeal is prosecuted under section 1237, subdivision 3, of the Penal Code, which provides that the defendant may appeal "from any order made after judgment affecting the substantial rights of the party".

An information was filed against appellant, as follows:

"The District Attorney of the County of Tuolumne, State of California, hereby accuses Martin L. Carkeek and Fred Redenbaugh of a felony, to-wit: burglary, in that on or about the 9th day of October, 1938, in the County of Tuol-

umne, State of California, they did enter the office of Hales and Symons adjacent to the southerly city limit of the City of Sonora, Tuolumne County, State of California, with intent to commit theft therein. That before the commission of the offense hereinabove set forth in this information, the said Martin L. Carkeek was convicted of a felony, to-wit: forgery, and was received at, and confined in Colorado State Penitentiary at Canon City, Colorado, on the 21st day of January, 1930, and did serve a term in said State Penitentiary for said offense. That before the commission of the offense hereinabove set forth in this information, the said Martin L. Carkeek was convicted of a felony, to-wit: grand larceny, and was received at, and confined in Oklahoma State Penitentiary at Macalester, Oklahoma, on June 4th, 1931, and did serve a term in said State Penitentiary for said offense.

"That before the commission of the offense hereinabove set forth in this information, the said Martin L. Carkeek was convicted of a felony, to-wit: burglary, and was received at, and confined in Indiana State Reformatory at Pendleton, Indiana, in February, 1936, and did serve a term in said Reformatory for said offense.

"Dated: October 28th, 1938."

Thereafter, appellant appeared in court and plead guilty to the charge of burglary, which the court found to be of the second degree, and also plead guilty to the prior convictions. He was adjudged to be an habitual criminal, and sentenced to imprisonment in the state prison on November 9, 1938. On August 5, 1939, appellant filed in the superior court a motion to set aside the judgment of conviction upon the following grounds:

1. The information does not charge a public offense; (2) The two prior convictions are not properly charged; (3) The second prior conviction had no term served therefor.

The motion was regularly heard and denied, and this appeal is taken from the order of denial.

It appears that appellant is not lacking in a sense of humor when he sets forth his first ground of appeal in the following language:

"Respondent Attorney General will contend that everyone knows what an 'office' is, and that offices are in buildings. Appellant calls attention to the fact that respondent holds

the 'office' of Attorney General, and that recent cases in Kansas City and New Orleans indicate that some politicians enter office with intent to commit theft therein, which entry could certainly not be called burglary. The trial court should have taken judicial notice of the fact that there was nothing before the court to indicate that the 'office' in the information was not a political office, or that it was in any one of the enclosures described in the Burglary Statute. (Pen. Code, sec. 459, cited *supra*.)''

It might be observed, however, that an entry into a ''room'' with the necessary intent, makes out a case of burglary under section 459 of the Penal Code, and it might not be too great a strain upon the vernacular to hold that an ''office'' is a ''room''.

■ The second ground is that the designation of the particular court in which prior convictions occurred is not given in the information. The statute does not so provide. ■ Also, it is urged that the Habitual Criminal Act (section 644 of the Penal Code), provides not only that the prior conviction must be proved, but that the defendant served a ''term'' in the state prison of another state. While appellant plead guilty to having been convicted and having served a term upon each of the prior convictions charged, he admitted later, in answer to questions propounded by the trial court, that he escaped from one of the prisons. He urges, therefore, that he did not actually serve a ''term''. But the legislature does not require that a *full term* be served, and a reasonable construction of the word would seem to be any period of time, otherwise, a premium would be placed upon the act of escape.

■ It is contended by the state that the appeal should be dismissed, for the reason that the record shows that this court has no jurisdiction to entertain it. It therefore becomes necessary to determine whether an appeal will lie from every ''order made after final judgment, affecting the substantial rights of the party'', or whether the legislature intended to restrict the right of appeal to those orders which were not subject to attack under an appeal from the final judgment.

The cases arising in this state appear to be in some confusion, but a close examination of them reveals an attempt to follow a definite rule upon the scope of the code section men-

tioned.   The general rule is thus stated in 8 California Jurisprudence, at page 495:

"Ordinarily a party who has a right to appeal from a judgment or order is not allowed to move to set it aside and then appeal from an order denying his motion." (Citing *People* v. *Walker,* 132 Cal. 137 [64 Pac. 133]; *People* v. *Mayne,* 118 Cal. 516 [50 Pac. 654, 62 Am. St. Rep. 256].)

In the case of *People* v. *Walker* (above), it is said: "Ordinarily, of course, where a party may appeal from a judgment or order he must appeal direct, and is not allowed to move to set aside and then appeal from the order denying his motion.   But this is only a rule of practice, and it does not apply when the case is such that a direct appeal would afford no relief by reason of the impossibility of securing a record showing the error complained of.   (*Pignaz* v. *Burnett,* 119 Cal. 157, 162 [51 Pac. 48], and cases cited.)"

In *People* v. *Brattingham,* 91 Cal. App. 527 [267 Pac. 120], where an appeal was taken from an order denying a motion to modify a final judgment, it was there contended that the trial court was without jurisdiction to include in the sentence a provision that if the fine was not paid, defendant should be imprisoned at the rate of one day for each two dollars of the fine not paid.   In dismissing the appeal the court said:

"Appellant contends that an appeal is authorized by subdivision 3 of section 1237 of the Penal Code, which provides that an appeal may be taken from an order after judgment affecting the substantial rights of the defendant.   It is also said that the court had inherent power at any time to vacate a void judgment.   Generally this is true, but the rule is well established that an order made after judgment is not appealable where the motion merely asks the court to repeat or overrule the former ruling on the same facts.   As said in *De La Montanya* v. *De La Montanya,* 112 Cal. 101 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345], this is so because to permit such an appeal 'would be virtually allowing two appeals from the same ruling, and would in some cases have the effect of extending the time for appealing, contrary to the intent of the statute'.   To the same effect are *Kent* v. *Williams,* 146 Cal. 3 [79 Pac. 527], *Alpers* v. *Bliss,* 145 Cal. 565 [79 Pac. 171], and other cases.

"A number of decisions cited by 'appellant hold that the trial court has jurisdiction to vacate or modify a void judgment, but they do not mention the question here presented, namely, will an appellate court entertain an appeal from an order made after judgment where the appeal from the judgment would present precisely the same question, and in every way afford protection to the rights of the defendant? The authorities sustain the contention of the People upon this issue.

"Applying the rule to the record before us, it is apparent that upon an appeal from the judgment alone the judgment roll would contain everything necessary to a determination of the contention of the appellant, and to consider the appeal from the order refusing to modify the judgment would have the effect of allowing the right to two appeals. It is ordered that the appeal be dismissed."

In the case of *People* v. *Van Buren*, 134 Cal. App. 206 [25 Pac. (2d) 32], an appeal was taken from an order denying a motion to vacate a final judgment of conviction. The court quoted from the Brattingham case (above), and in dismissing the appeal, said:

"It is apparent that the merits of appellant's contention cannot be considered on the hearing of the instant motion. The point here at issue is whether, considering the facts hereinbefore set forth, appellant is entitled to have his contention considered by this court. Not only is it clear that on the original appeal from the judgment appellant might have presented for decision by this court the identical point which he now urges, but also (assuming, but not deciding, the propriety of his first motion to vacate the said judgment) that he might have done so on his appeal from the order by which his motion to vacate the said judgment was denied. In other words, appellant heretofore has had at least one opportunity, and possibly two separate opportunities, to have determined the very point which on his third appeal he now seeks to have decided. If such a course of procedure is in accordance with the law and the practice of the several interested courts, it is manifest that by presenting a single point on his appeal from the judgment against him, in the event that such judgment should be affirmed, the defendant thereafter by successive motions to vacate the judgment, each for a reason differing from either of the others, followed by an appeal from

the order in each case by which his said motion was denied, would occupy the attention of the trial court and this tribunal indefinitely. In that regard the authorities of this State appear to be against the position assumed by appellant.''

There is a line of cases which hold that an appeal will lie under these circumstances where the judgment is *void*, and these are relied upon by appellant, although he does not contend that the judgment here is void. In *People* v. *Perez*, 9 Cal. App. 265 [98 Pac. 870], it was allowed, where it was contended that a confession of guilt was obtained through fear and duress. The court states that ''a confession of guilt obtained by duress is *void* and cannot be made the basis for a valid judgment''. In *People* v. *Schwarz*, 201 Cal. 309 [257 Pac. 71], it was held proper to appeal from an order denying a motion to set aside a judgment of conviction where *fraud* was practiced by the officers upon the defendant in inducing her to change her plea from not guilty to guilty. A plea obtained by such means would vitiate the entire proceeding. The right to such an appeal has been sustained several times where the record on its face showed that the offense of which the defendant was convicted was barred by the statute of limitations, and hence, the judgment was void. (See *People* v. *McGee*, 1 Cal. (2d) 611 [36 Pac. (2d) 378].) None of the contentions made in the foregoing cases is made here. The reason is obvious. The rulings and orders under attack were made by the court in the exercise of its jurisdiction, and at the most are errors which could have been urged upon an appeal from the final judgment.

It is our conclusion that the legislature, in enacting section 1237, subdivision 3 of the Penal Code, did not intend to give a defendant the right to raise any question which might have been raised under an appeal from a final judgment of conviction, and that this court had no jurisdiction to entertain an appeal based upon such grounds. On the other hand, if the judgment is attacked as being void, either upon its face or by reason of fraud or duress practiced upon the defendant, it may be attacked at any time under the provisions of said statute. This appears to be the rule which may be gleaned from the various cases where such an attack upon a final judgment has been made. To hold otherwise, would, in the language of *De La Montanya* v. *De La Montanya*, 112 Cal. 101 [44 Pac. 345, 53 Am. St.

Rep. 165, 32 L. R. A. 82] (quoted with approval in *People* v. *Van Buren, supra,* and *People* v. *Brattingham,* 91 Cal. App. 527 [267 Pac. 120]) "be virtually allowing two appeals from the same ruling, and would in some cases have the effect of extending the time for appealing, contrary to the intent of the statute". ▉ If the contention of appellant here should prevail, a convicteed defendant could wait several years after his trial until the witnesses for the People had died or moved away, and then proceed to make the motion to set aside the judgment. If the appellate court were compelled to treat the appeal with the same force and effect as from the final judgment, and if the conviction was reversed and a new trial ordered, the proper administration of justice would be seriously impaired, if not entirely thwarted. We do not believe that the legislature ever intended to open the doors of our prisons in this manner. The Penal Code definitely fixes the time for an appeal from the judgment. It must be within five days from the rendition of the judgment or order. (Pen. Code, sec. 1239). Allowing an appeal from an order denying a motion to set aside or modify the final judgment, where such appeal is based upon errors and rulings which might properly be considered under an appeal from the judgment, would have the effect, in all criminal appeals, of entirely removing the time limitation mentioned. It is unreasonable to believe that such was the legislative intent.

The record shows that this court has no jurisdiction to entertain the appeal, and it is therefore ordered that it be dismissed.

Pullen, P. J., and Thompson, J., concurred.