[Crim. No. 2234. First Dist., Div. Two. Oct. 8, 1942.]

THE PEOPLE, Respondent, v. JOHN F. KEILLY, Appellant.

John F. Keilly in pro per., for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

STURTEVANT, J.—Appellant, John F. Keilly, was tried by a jury and convicted on two counts of robbery in the first degree committed on the 12th day of April, 1941, as alleged in an information filed by the District Attorney of Alameda County; the first count charged him with robbing Mary Correia of the sum of $190, more or less, a number of fountain pens and a quantity of drugs, consisting of morphine and codeine, by the use of a deadly weapon, to wit, a pistol; the second count charged appellant with robbing Herman Correia, the husband of Mary Correia, at the same time and place, of a pocket watch, a wrist watch, a diamond ring and an Elk's tooth, by the use of said deadly weapon.

The information further charged appellant with two prior felony convictions alleging the service of sentences on both, the first, a burglary on the 29th day of September, 1924, and the second, robbery on the 11th day of August, 1930. The jury also found the two prior convictions were true, as alleged in the information.

Upon denial of a motion for a new trial, appellant was sentenced to San Quentin Penitentiary for life, the term prescribed by law, as an habitual criminal. Notice of appeal was thereupon given by appellant from the judgment and the order denying his motion for a new trial.

Herman and Mary Correia, husband and wife, owned a drug store on Foothill Boulevard in Alameda County. On the night of April 12, 1941, at about the hour of 11 o'clock p. m., while they were closing their business for the night, Mary Correia was accosted at the front door of said drug store by an accomplice of appellant. She had opened the front door with the day's receipts in her purse; her husband had put out the lights in the rear room and was coming out of said room, when said accomplice thrust a gun against her ribs and said, "Where are you going, sister, you are not going home. You are going in the back room with me." He pushed her along towards the rear room with the gun at her back. Meanwhile, appellant had forced her husband, at the point of a gun, to return to said back room where, under cover of the gun of the accomplice, Herman and Mary Correia were bound, hand and foot, by appellant. She was pushed or thrown into a chair, her husband was forced to turn his face to the wall. Appellant's accomplice took the day's receipts, about $175, from her bag, and the fountain pens; the appellant took all the morphine and codeine the Correias had in stock, and the pocket and wrist watches of

Herman Correia, his diamond ring and $45 or $50 from his wallet; the appellant was a drug addict.

As recited above the appellant entered a plea of not guilty to the charge of robbery and denied both of the prior convictions. No other issue was presented by the pleadings. During the trial the appellant took the stand as a witness in his own behalf. Among other things he testified that at the time of the robbery he was, and for some time prior thereto had been, at Reno, Nevada. ██ At the close of the trial the prosecution and the defense stipulated that the trial court might give oral instructions. It did so, but it did not specially instruct on the claimed defense of an alibi. The appellant does not claim that he requested and the trial court refused to give such an instruction, but he claims the trial court committed prejudicial error in failing of its own motion to give such instructions. We find no merit in that claim. (*In re Durand*, 6 Cal. App. (2d) 69 [44 P. (2d) 367]; *People* v. *Black*, 45 Cal. App. (2d) 87, 96 [113 P. (2d) 746]; *People* v. *Scofield*, 203 Cal. 703, 709 [265 Pac. 914].)

██ In his next point the defendant asserts that the verdict is contrary to law and the evidence. In support of that assertion he claims that the evidence as to his identification was insufficient. That claim also is not sustained by the record. The prosecution called both Mr. and Mrs. Correia, the owners and proprietors of the drug store. Each testified clearly to facts identifying the defendant. If the jury believed them, and from its verdict we must assume it did, there was sufficient evidence on the point in question to support the implied finding of the jury.

██ The appellant contends that the trial court was without jurisdiction to adjudge the defendant an habitual criminal. That contention is based on these facts. The basic charge, robbery, was committed April 12, 1941. The first prior conviction.alleged against the appellant was a judgment rendered in Los Angeles County in 1924. The second was a judgment rendered in Alameda County in 1930. On the latter judgment the defendant was imprisoned in the prison at Folsom. He served part of his time, was paroled before the end of his term, and, while on parole, he committed the robbery of the drug store as hereinabove recited. Under these facts the appellant contends that it may not be said that he had, as to the judgments entered respectively in 1924 and 1930 ''served separate terms'' as provided in Penal Code, section 644. In other words, he contends said section should be so

construed as to apply to only such prior convictions the terms of which *have been fully and completely served*. The first answer is the statute is not so worded. The second answer is that by its provisions the statute was enacted as a deterrent to the commission of crime and not as an inducement that an ex-convict should commit his transgressions prior to the full expiration of his term, but not afterwards. The word "term" as used in said section, therefore, was not intended to have the broad meaning used and applicable to the "term" as fixed by the State Board of Prison Directors. (*People* v. *Carkeek*, 35 Cal. App. (2d) 499, 502 [96 P. (2d) 132]; *Spivey* v. *McGilvray*, 29 Cal. App. (2d) 357, 360 [84 P. (2d) 256].) It will hardly be contended that the word "term" has exactly the same meaning in every section in the Penal Code wherein said word is used. Section 644 is almost wholly a new law specially applicable to habitual criminals. As such it should be construed.

Continuing the appellant claims that section 644 of the Penal Code is void on its face. We think the record does not present the point. The section is divided into several subdivisions. Subdivision (a) defines the law as to a defendant who has suffered two prior convictions. Subdivision (b) defines the law as to a defendant who has suffered three prior convictions. Then subdivision (c) provides: "Provided, however, that in exceptional cases, at any time not later than 60 days after the actual commencement of imprisonment, the court may, in its discretion, provide that the defendant is not an habitual criminal, and in such case the defendant shall not be subject to the provisions of this section or of sections 3047 and 3048 of this code." The record does not show that the defendant ever applied for relief under subdivision (c) nor that any order was made denying him relief thereunder. But it is settled law that before any one may be heard to claim that a purported statute is invalid he must first show that it purports to interfere with at least some one of his rights. (5 Cal. Jur. 622, Constitutional Law, § 52; *People* v. *Perry*, 212 Cal. 186, 193 [298 Pac. 19, 76 A. L. R. 1331].) That showing this appellant has not attempted to make.

Finally it is claimed section 644 of the Penal Code is unconstitutional and void because it permits unjust and illegal discriminations in its administration material to their rights between persons in similar circumstances and conditions and standing in the same relation to the statute. Manifestly that does not appear on the face of the statute. It

designates one rule as applicable to all who come within the same class. But, the appellant claims it is not so administered and he offers to prove the fact by bringing into court certain judgments. They may not be received by this court. We must confine our consideration to an examination of the statute as enrolled. (*County of Yolo* v. *Colgan*, 132 Cal. 265 [64 Pac. 403, 84 Am. St. Rep. 41].) Appellant cites and relies on *Yick Wo* v. *Hopkins*, 118 U. S. 356 [6 S. Ct. 1064, 30 L. Ed. 220]. It is not in point. It was a proceeding in habeas corpus and specially pleaded the respective issues there ruled upon. See, also, *In re Mooney*, 10 Cal. (2d) 1, 16 [73 P. (2d) 554].)

The judgment and order appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 5, 1942.