[Crim. No. 1982.   Third Dist.   Mar. 3, 1947.]

THE PEOPLE, Respondent, v. THOMAS F. MARTIN, Appellant.

Thomas F. Martin, in pro. per. for Appellant.

Robert W. Kenny, Attorney General, and Jas. O. Reavis, Deputy Attorney General, for Respondent.

PEEK, J.—By the first count of an information filed by the District Attorney of Yolo County, defendant and two co-defendants were charged with the crime of burglary alleged to have been committed in said county on May 16, 1941. In the second count Martin was charged with having been convicted of the crime of robbery in Los Angeles County on October 19, 1931, for which crime he was imprisoned in the state prison at San Quentin. In the third count he was charged with the crime of burglary in the county of Los Angeles on May 14, 1936, for which crime he served a term in the state prison at Folsom. Upon arraignment in the superior court defendant entered a plea of not guilty to the offense charged in count one of the information and denied the prior convictions charged in counts two and three thereof. On August 12, 1941, the date set for the trial of said charges, defendant appeared with counsel, withdrew his former plea of not guilty and his denial of prior convictions, and admitted he had been previously convicted of the crimes charged in counts two and three of the information. By stipulation the district attorney and counsel for defendant agreed that the crime charged in count

one was burglary in the second degree. Thereafter on August 14, 1941, the court by its judgment found defendant to be an habitual criminal under the provisions of section 644 of the Penal Code, and sentenced him accordingly.

On September 22, 1941, the superior court of said county made its order amending the prior judgment, stating that at the time of sentence the court had overlooked the fact that the term of imprisonment for the crime charged in count three of the information, to wit, the burglary committed in Los Angeles County for which defendant was adjudged guilty on March 14, 1936, had not been completed by the defendant, and under the provisions of section 669 of the Penal Code determined that the unexpired portion of said term should run concurrent with the term of imprisonment on the judgment of conviction originally pronounced by the court.

No appeal or other action was taken by defendant either from the original judgment or from the order amending the same. Approximately four and one-half years later defendant filed in said superior court a petition for a writ of *coram nobis*, and shortly thereafter filed what was termed by the trial court to be a supplement thereto or a motion to set aside that portion of defendant's judgment of conviction relating to his prior convictions and the order adjudging him an habitual criminal.

After a hearing, at which the trial court found it was unnecessary for defendant to be present, said motions were denied, and from the order entered in accordance therewith the defendant has appealed. A like appeal by one of his codefendants on substantially the same issues as are raised herein appears at *post,* page 344 [177 P.2d 816].

One of the principal contentions advanced by appellant as ground for a reversal of the order is that he was unlawfully adjudged an habitual criminal in that he had not served a complete term of imprisonment on the prior conviction set forth in count three of the information, but at the time of his arrest on the charge alleged in count one he was at large on parole and therefore had not served two prior terms of imprisonment within the meaning of section 644 of the Penal Code.

Such a contention is wholly devoid of merit. To so interpret said section would be to place a premium on the violation of a parole, a result entirely foreign to the purpose of the act. Certainly the statute was not enacted as an inducement to an ex-convict to commit his additional transgressions while on

parole (*People* v. *Keilly,* 54 Cal.App.2d 764, 768 [129 P.2d 939]), or while at liberty by reason of his escape from prison (*People* v. *Carkeek,* 35 Cal.App.2d 499, 502 [96 P.2d 132]). At the time defendant herein was arrested and upon his affirmative plea adjudged guilty of burglary, ''he had served a term for the offense for which he was on parole which would have been the entire prison term had he not violated the parole.'' (*In re Brady,* 5 Cal.2d 224, 226 [53 P.2d 945].)

Although defendant also attacks the action of the trial court in amending the judgment of conviction to provide for a concurrent running of the terms of imprisonment as described above, no reasonable basis for such objection is apparent from the record or the briefs, and it is difficult to understand how appellant could have any cause for complaint in this regard. The record shows that the order made by the trial court was in accord with the provisions of said section 669 of the Penal Code.

■ Likewise untenable is appellant's contention that the court erred in not taking testimony to determine whether he was guilty of second degree burglary which he admitted. He relies on the case of *People* v. *Paraskevopolis,* 42 Cal.App. 325 [183 P. 585]. While in that case this court did hold, upon the peculiar facts disclosed therein, that failure of the trial court to determine the degree of the admitted crime necessitated a remand of the case, nevertheless it was further held that a plea of guilty to the particular degree of the crime charged and a determination by the court of the degree were sufficient. It is the latter holding that applies to the situation in the present case. Here the judgment contains a recital of the offense with which the defendant was charged, his plea of guilty thereto, and a finding by the court that the offense charged was burglary in the second degree. Such determination was sufficient. (See *In re Hammond,* 24 Cal.App.2d 18, 20 [74 P.2d 308]; *People* v. *Bayne,* 136 Cal.App. 341, 346 [28 P.2d 1068].)

■ There is no merit in appellant's further charge that he was denied due process because he was not permitted to be present at the hearing of his motion. Substantially the same contention as that advanced by defendant herein was fully considered in the case of *People* v. *Russell,* 139 Cal.App. 417, 419 [34 P.2d 203], and held to be without foundation. There, as here, the defendant upon filing a motion to vacate

a judgment of conviction made a written request that he be released from the state penitentiary at Folsom, where he was confined, for the purpose of appearing in court in person to urge the motion. The trial court denied the request, and on appeal it was urged that his constitutional rights to appear and defend in person were denied him. In concluding otherwise the court stated at page 420: "As there is no constitutional nor statutory right of a defendant to demand his presence at a proceeding brought to review or set aside a judgment the failure of the trial court to order his presence on the hearing of this motion was not error."

Defendant's additional contention that the trial court was prejudiced and unfair to him in that the court did not understand the nature of the case and was merely guessing, is so obviously unfounded as to merit no more than passing notice. We have noted that in support of such contention defendant has quoted only a portion of the comments of the trial judge in discussing with the prosecutor the propriety of the writ sought by defendant and his supplemental motion. Defendant after thus removing the particular words from their context attempts to attribute meanings thereto entirely foreign to the purport of the discussion and the statements of the court.

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied March 18, 1947, and appellant's petition for a hearing by the Supreme Court was denied April 21, 1947.