[Crim. No. 2023.   Third Dist.   Sept. 25, 1947.]

In re VERNE JOHN SCHUNKE, on Habeas Corpus.

Verne John Schunke, in pro per., for Petitioner.

Fred N. Howser, Attorney General, and Doris Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—This petitioner, in June, 1941, was convicted of the crime of robbery of the first degree.   He was charged with and admitted four prior convictions, to wit, a violation of the Dyer Act in Utah in 1929, burglary committed

in North Dakota in 1932, and robbery, first degree, and burglary, first degree, committed in California in December, 1934. He was adjudged an habitual criminal and sentenced to imprisonment for life. From that judgment of conviction he appealed, and the judgment and an order denying a new trial were affirmed. (*People* v. *Schunke*, 47 Cal.App.2d 542 [118 P.2d 314].)

In his petition before this court he alleges that he was wrongfully adjudged to be an habitual criminal because (a) a violation of the Dyer Act is not one of the offenses enumerated in section 644 of the Penal Code of this state, (b) the offense committed in North Dakota, which was designated third degree burglary, would not have constituted a felony if committed in this state and there is actually no such crime defined by the statutes of North Dakota, and (c) that the alleged third and fourth prior convictions in California in 1934 (robbery and burglary) constituted but one offense for which he served but one term. He also alleges that the evidence adduced at the trial of the primary offense with which he was charged in 1941 was insufficient to support the verdict and that the prosecuting attorney made prejudicial remarks to the jury which resulted in defendant's conviction.

We granted the writ solely because of the allegations of the petition regarding the prior conviction of a violation of the Dyer Act, and the conviction of burglary committed in North Dakota. ■ Regarding the former, it was held in *People* v. *Lohr*, 28 Cal.App.2d 397 [82 P.2d 615], that the offense is substantially the same as that denounced in section 503 of the Vehicle Code, is not one of those enumerated in section 644 of the Penal Code, and therefore may not be used as a ground for an adjudication of habitual criminality. Also see *In re McVickers*, 29 Cal.2d 264, 278 [176 P.2d 40].

■ Regarding the offense committed in North Dakota, while it is true, as asserted by petitioner, that the statutes of North Dakota do not now define the offense of third degree burglary, such was not the case in 1932, when petitioner was convicted in that state. (See Compiled Laws of North Dakota, 1913, vol. II, anno., ch. 59, § 9872.)

We have been furnished with a copy of the charge made against petitioner in North Dakota, which recites that on or about the 12th day of July, 1931, at Fargo, North Dakota, the defendant "did commit the crime of Burglary in the Third Degree committed as follows, to wit: that at said time and

place the said defendant did wilfully, unlawfully and feloniously in the nighttime break and enter that certain dwelling house located at 1109 Seventh Avenue South in the City of Fargo, County of Cass and State of North Dakota, with intent to commit the crime of larceny therein.''

At the time of the commission of said offense and petitioner's conviction therefor, section 459 of the California Penal Code provided, as it still does, that every person who enters any house, room, tenement, etc., with intent to commit grand or petit larceny or any felony, is guilty of burglary; and section 644, *supra,* then, and at the time of petitioner's conviction of the primary offense in 1941, included the crime of burglary. It is therefore apparent that the conviction in North Dakota was properly considered by the trial court in adjudging petitioner an habitual criminal. (*In re Wolfson,* 30 Cal.2d 20 [180 P.2d 326] ; *In re McVickers, supra; In re Harincar,* 29 Cal.2d 403 [176 P.2d 58].)

As for petitioner's contention that his prior conviction for robbery and burglary in California in 1934 should be considered as but one conviction for which he served but one term, the record of his trial for the primary offense in 1941 shows that they were so considered by the trial court, which stated that it was basing its adjudication that defendant was an habitual criminal upon but *two* prior convictions, to wit, the conviction in North Dakota in 1932, and the conviction in California in 1934, it being specifically stated that the first prior conviction (under the Dyer Act) was being omitted as not being an offense enumerated in section 644, *supra.*

As for petitioner's allegations in his petition that he was denied a fair trial, that the evidence was insufficient to support the verdict and that the prosecuting attorney was guilty of misconduct which resulted in the verdict, the record shows that at the time of his trial and on his appeal he was represented by counsel, that the insufficiency of the evidence and the alleged misconduct of the district attorney were urged on such appeal but that his conviction was affirmed. Asserted errors considered on that appeal may not be considered again in this proceeding. While, as appears from the opinion of the Supreme Court in *In re McVickers, supra,* at pages 272-275, the traditional limitations of the scope of review by way of habeas corpus proceedings have been con-

siderably extended, they have not yet been enlarged to permit review of matters which have already been passed upon by a reviewing court on direct appeal from the judgment, nor even to those which were properly so reviewable. Such writ may not be employed as a substitute for an appeal. (*In re Byrnes*, 26 Cal.2d 824, 827 [161 P.2d 376] ; *In re Bell*, 19 Cal.2d 488, 492 [122 P.2d 22] ; *In re Connor*, 16 Cal.2d 701, 705-706 [108 P.2d 10], and cases therein cited.)

Petitioner also urges that section 644 of the Penal Code is unconstitutional, but such contention is without merit. (*In re Rosencrantz*, 205 Cal. 534 [271 P. 902] ; *People* v. *Floth*, 8 Cal.App.2d 600 [47 P.2d 817] ; *People* v. *Richardson*, 74 Cal.App.2d 528, 542-544 [169 P.2d 44].)

It appearing that the adjudication that petitioner is an habitual criminal was based upon but two prior convictions, both of which were for offenses defined by section 644, *supra*, and for both of which he served terms of imprisonment in a state prison, he is, of course, entitled to be accorded the benefits applicable to persons who have suffered but two prior convictions, but he is not presently entitled to discharge or to release on parole. Therefore, the writ is discharged and petitioner is remanded to custody.

Thompson, J., and Peek, J., concurred.