[Crim. No. 2534. First Dist., Div. One. Oct. 1, 1948.]

THE PEOPLE, Respondent, v. THOMAS L. MANGAN, Appellant.

Thomas L. Mangan, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

PETERS, P. J.—Thomas L. Mangan appeals from that portion of a judgment rendered by the Superior Court of Alameda County adjudging him to be an habitual criminal under section 644(a) of the Penal Code. That section provides that every person who shall be convicted of certain enumerated crimes, including robbery, "who shall have been previously twice convicted upon charges separately brought and tried, *and who shall have served separate terms therefor* in any State prison" for certain enumerated crimes, including robbery, "shall be adjudged an habitual criminal." (Italics added.) Section 3047.5 of the Penal Code provides that such a person shall not be eligible for parole until he shall have served a minimum term of at least nine years. Appellant concedes that his last conviction was for robbery, and that he suffered two prior convictions for robbery and served terms or a term therefor, but he contends that the sentence on the second prior ran, in part, concurrently with his sentence on the first prior, and that, therefore, he did not serve "separate terms therefor" as required by section 644(a), Penal Code. The point is without merit.

In 1947 appellant, together with two others, was accused of having committed a robbery on October 3, 1947. The information also charged two priors, in that it charged appellant with a conviction and service of a term therefor for robbery in San Francisco in 1925, and with a conviction and service of a term therefor for robbery in Alameda County in 1935. The information did not charge that the two terms were "separate" terms. Appellant admitted the two priors as charged, and pleaded not guilty to the main charge. He was found guilty of the main charge by a jury, and, in view of his admissions of the two priors, adjudged to be an habitual criminal.

The transcript on the present appeal shows that when appellant, in Alameda County, was convicted of the offense of robbery in 1935, the then trial judge sentenced him to San Quentin "for the term prescribed by law." That was in January, 1935. In September of that year the same trial judge, *nunc pro tunc,* made an "Order Correcting Commitment." That order first recites the 1925 San Francisco conviction for robbery and service of a term therefor, and then recites:

"WHEREAS, at the time of passing judgment in the above entitled action this Court had no knowledge that this defendant was then on parole, and

"WHEREAS, it has since come to the attention of this Court that said defendant was on parole at the time judgment was pronounced herein;

"Now THEREFORE it is hereby ordered, adjudged and decreed that the judgment in this action shall run concurrently with any and all sentences previously imposed upon this defendant."

 The argument made by the public defender in the trial court and by appellant *in propria persona* in this court is that, since the 1935 sentence was made to run concurrently with the unexpired 1925 sentence, "separate" terms were not served for the two offenses, and, therefore, he is not an habitual criminal within the meaning of section 644(a). In other words, it is the thought of appellant that, although he served a portion of his term for the 1925 offense in San Quentin and was released on parole to serve the balance, and, while still on parole, in 1935 committed a second offense, and since this term was made to run, in part, concurrently with the balance of the 1925 term, he has not served a separate term for each offense.

The records of San Quentin show that on the 1925 San Francisco offense appellant was received at the prison on April 7, 1925. In June, 1930, his sentence was fixed at 15 years, part on parole. On June 28, 1934, he was released on parole. His parole was suspended in January, 1935, apparently because of the 1935 charge then pending in Alameda County. He was received back at San Quentin on February 1, 1935, on both the 1925 and 1935 convictions. *He was discharged on the 1925 charge on February 12, 1935.*

The records also show that he was received at the prison on the 1935 commitment from Alameda County on February 1, 1935, the sentence to run concurrent with the unexpired balance of the 1925 sentence. In August, 1937, his sentence on the 1935 conviction was fixed at 25 years, which, in March, 1942, was refixed at 12 years. He was discharged at the expiration of his term on June 1, 1942. Thus the records show that but 12 days of the two terms were concurrent. The entire balance of the 1925 and 1935 terms were entirely separate and distinct. It is well settled that the service of a "term" within the meaning of section 644 of the Penal Code

includes part of a term as well as a full term. In *People* v. *Carkeek*, 35 Cal.App.2d 499 [96 P.2d 132], it is stated (p. 502) : ". . . it is urged that the Habitual Criminal Act (section 644 of the Penal Code), provides not only that the prior conviction must be proved, but that the defendant served a 'term' . . . While appellant plead guilty to having been convicted and having served a term upon each of the prior convictions charged, he admitted later, in answer to questions propounded by the trial court, that he escaped from one of the prisons. He urges, therefore, that he did not actually serve a 'term.' But the legislature does not require that a *full term* be served, and a reasonable construction of the word would seem to be any period of time, otherwise, a premium would be placed upon the act of escape." (See, also, *People* v. *Keilly*, 54 Cal.App.2d 764 [129 P.2d 939] ; *People* v. *Martin*, 78 Cal.App.2d 340 [177 P.2d 813] ; *In re Brady*, 5 Cal. 2d 224 [53 P.2d 945].)

Under the rule of these cases it appears that appellant has served a "term" under the 1925 sentence. He likewise served a "term" under the 1935 sentence. All but 12 days of a seven and one-half calendar year term under that sentence were separate and distinct from the time served under the 1925 sentence. Thus the major part of the 1935 term was separate from the 1925 term. Since part of a term is a "term," within the meaning of the section, it follows that parts of two terms constitute "separate" terms within the meaning of the section.

The portion of the judgment appealed from is affirmed.

Ward, J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 28, 1948.