[Crim. No. 2448.   Third Dist.   Oct. 14, 1953.]

In re JAMES EDWARD WHITTON, on Habeas Corpus.

James E. Whitton, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and Gail Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Petitioner seeks through habeas corpus proceedings to have his status as an habitual criminal fixed, he contending that upon the record of his conviction the trial court was without jurisdiction to declare him an habitual criminal, with three prior convictions. While not contending that two of these prior convictions were not valid priors within the meaning of section 644 of the Penal Code he does contend that this court should declare his status to be that of one having suffered two priors only. Petitioner was informed against for the commission of robbery. He was convicted therefor, the degree being fixed at first degree. It was further charged that he had previously been three times convicted of felonies mentioned in the code upon charges separately brought and tried and that he had served separate terms therefor. He was adjudged to be an habitual criminal. The information charged, as to one of these convictions, that it was for the crime of assault with intent to kill suffered

by petitioner in Hamilton County, Ohio, on or about June 15, 1932. Petitioner admits that he was convicted of such a crime in that county and state, but asserts that the conviction occurred in April, 1923, instead of June 13, 1932, as charged. It is quite apparent from the record filed herein that the date of the subject conviction as charged in the information was wrong and that in fact the same occurred April 4, 1923. There is no doubt as to petitioner's having been convicted for said crime in said county and state. Upon arraignment petitioner admitted all charges as to prior convictions, and he does not claim to have been in fact deceived or misled by the erroneous date appearing in the information. Under such circumstances the error in date is not prejudicial.

Petitioner contends further that he did not serve separate terms in respect of two of the priors. The meaning of the word "term" as used in the code section has been judicially established.

"... It is well settled that the service of a 'term' within the meaning of section 644 of the Penal Code includes part of a term as well as a full term. In *People* v. *Carkeek,* 35 Cal.App.2d 499 [96 P.2d 132], it is stated (p. 502): '... it is urged that the Habitual Criminal Act (section 644 of the Penal Code), provides not only that the prior conviction must be proved, but that the defendant served a "term" ... While appellant plead guilty to having been convicted and having served a term upon each of the prior convictions charged, he admitted later, in answer to questions propounded by the trial court, that he escaped from one of the prisons. He urges, therefore, that he did not actually serve a "term." But the legislature does not require that a *full term* be served, and a reasonable construction of the word would seem to be any period of time, otherwise, a premium would be placed upon the act of escape.' (See, also, *People* v. *Keilly,* 54 Cal.App.2d 764 [129 P.2d 939]; *People* v. *Martin,* 78 Cal.App.2d 340 [177 P.2d 813]; *In re Brady,* 5 Cal.2d 224 [53 P.2d 945].)" (*People* v. *Mangan,* 87 Cal. App.2d 765, 767-768 [197 P.2d 781].)

Notwithstanding the foregoing definition of "term," however, it is contended here that terms served consecutively without any intermediate release from prison do not constitute separate terms within the meaning of the code section. This contention, too, is answered by *People* v. *Mangan,* *supra.* There, appellant, while serving a sentence, had been released on parole. He committed another felony for which

he was convicted and sentenced for a term to be served in part concurrently with the one he was then still serving. There was an overlap of 12 days, he being discharged from the first sentence 12 days after the last sentence began. It was held that notwithstanding there was no intermediate release from prison still the remainder of the last term constituted a separate term within the meaning of the section. That ruling applies here.

It appears that appellant had been convicted of robbery in Ohio. While in jail awaiting trial he escaped and in doing so injured a guard. He was charged with assault with intent to kill and was retained in jail until tried and convicted on this latter charge. In effect, his sentences were to run consecutively. The records of the Ohio prison show that he was received on April 6, 1923, and, at the expiration of his sentence for robbery, he was "released to new sentence and number" under the second conviction of assault to kill. He, therefore, served separate terms within the meaning of section 644 of the Penal Code and his status is that of one who has suffered three prior convictions.

Petition for writ is denied.

Peek, J., and Schottky, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied November 12, 1953.