[Crim. No. 5419. Second Dist., Div. Three. Dec. 22, 1955.]

THE PEOPLE, Respondent, v. WILLIAM SUKOVITZEN, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant's notice of appeal states that "he appeals from the findings of the court relative to the little habitual act, which is under Section 644a of the Penal Code."

The information herein charged that defendant committed robbery in Los Angeles County on November 8, 1954, and at that time he was armed with an automatic pistol. He pleaded guilty. The court determined that it was robbery of the first degree. Defendant denied the allegations of the information that he had been previously convicted of felonies. Trial by jury, as to the issue of prior convictions, was waived.

The court found that it is true, as alleged in the information,

that defendant had been previously convicted of felonies, and had served terms therefor in state prisons, as follows: Violation of the Dyer Act—convicted in 1938 in the State of Nevada. Forgery—Convicted in 1940 in San Francisco. Robbery—convicted in March, 1943, in Nevada County, California (the documentary evidence shows that the conviction was in April, 1943). Robbery—convicted in 1944 in Sacramento. Robbery and petty theft with prior conviction of felony—convicted in May, 1943, in San Francisco.

The court also found that defendant had served separate terms for two of the prior robbery convictions. (The court did not specify the two prior convictions so referred to.) Also, the court found and declared that, under section 644, subdivision (a), of the Penal Code defendant was an habitual criminal.

Said section 644, subdivision (a), provides in part as follows: "Every person convicted in this State of the crime of robbery . . . [here several other crimes are designated], who shall have been previously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any state prison . . . either in this State or elsewhere, of the crime of robbery, burglary, burglary with explosives, rape with force or violence, arson, murder, assault with intent to commit murder, grand theft, bribery of a public official, perjury, subornation of perjury, train wrecking, feloniously receiving stolen goods, felonious assault with a deadly weapon, extortion, kidnaping, mayhem, escape from a state prison, rape or fornication or sodomy or carnal abuse of a child under the age of 14 years, or any act punishable under Section 288 of this code, conspiracy to commit any one or more of the aforementioned felonies, shall be adjudged a habitual criminal and shall be punished by imprisonment in the state prison for life."

The question on appeal is whether at the time of pronouncing judgment in the present case the defendant had served two separate terms upon conviction of crimes designated in said section 644, subdivision (a).

Violation of the Dyer Act is not one of the crimes designated in said section, and therefore the term served by defendant upon the prior conviction for that offense is not a separate term within the meaning of said section. (See *In re Schunke*, 81 Cal.App.2d 588, 589 [184 P.2d 700].) Since forgery is not one of the crimes designated in said section, the term served upon the conviction of forgery is not a separate term

within the meaning of said section. Therefore an adjudication that defendant is an habitual criminal must be based upon the prior convictions of robbery.

In 1940 defendant began serving a term in San Quentin prison upon the forgery charge. It appears, from language in judgments hereinafter referred to, that defendant was paroled upon the forgery charge before he was convicted on the robbery charges.

As above shown, in April, 1943, defendant was convicted of robbery committed in Nevada County. Upon that conviction he was sentenced to San Quentin prison—the term to run concurrently with the "unexpired term from prior conviction of felony." (This quoted language apparently refers to the unexpired term for the forgery conviction.) It appears therefore that the term for the robbery in Nevada County was being served concurrently with the term for forgery. He was received in prison, upon this robbery term, in April, 1943. It does not appear that defendant has completed serving the term for the Nevada County robbery; but it does appear that in 1949 the term for that robbery was set at 50 years. (On October 24, 1954, defendant escaped from Folsom prison; and he committed the robbery charged in this present case on November 8, 1954.)

As above shown, in May, 1943, defendant was convicted in San Francisco of robbery. (Although the allegation in the information herein was that he was convicted of robbery and petty theft with prior conviction of felony, the documentary evidence herein shows that he was also convicted of an additional robbery.) He was sentenced to San Quentin prison— the terms as to the two San Francisco robberies were to run concurrently with each other and consecutively "with the sentence imposed as a parole violator." (This quoted language apparently refers to violation of parole on the forgery conviction.) It appears therefore that the sentences for the San Francisco robberies, which were to run concurrently with each other, were to run consecutively with the sentence for forgery. Since there was no express determination by the San Francisco court as to whether its sentences should run concurrently or consecutively with the prior Nevada sentence, the sentences of the San Francisco court, as a matter of law, run concurrently with the Nevada County sentence. (Pen. Code, § 669.) The sentences for the San Francisco robberies will be referred to hereinafter as the San Francisco term.

In April, 1945, the forgery term ended. Then defendant

began serving the San Francisco term, which was to run consecutively with the forgery term and concurrently with the Nevada County term. At that time (April, 1945), when the forgery term had ended and defendant began serving the San Francisco term for robberies, he was still serving the term for the Nevada County robbery which, as above shown, has never been completed. It therefore appears that he was serving the Nevada County term for robbery and the San Francisco term for robberies at the same time. It does not appear that defendant has completed the San Francisco term; but it does appear that in 1949 the San Francisco term was set at 50 years.

As above shown, in 1944, defendant was convicted of robbery in Sacramento. Upon that conviction he was sentenced to San Quentin prison—the term to run ''consecutively with the sentence or sentences last to be served under the several judgments of conviction under which the defendant is now detained and imprisoned in the State Prison of the State of California.'' Since the term for the Sacramento robbery will not commence until the terms for the Nevada robbery and the San Francisco robberies have been served, it is clear that the term for the Sacramento robbery is not a prior separately served term.

Since the term for the Sacramento robbery must be eliminated from consideration as a separately served term, any adjudication in the present case that defendant is an habitual criminal must be limited to a consideration of the terms for the Nevada County and San Francisco robberies. With reference to those last-mentioned terms (Nevada County and San Francisco) it may be said in summary (1) that the Nevada County term commenced in April, 1943, and was served concurrently with the forgery term until the forgery term ended in April, 1945, and then the Nevada County term continued, has not been completed, and is fixed at 50 years; and (2) that the San Francisco term commenced at the end of the forgery term (April, 1945), has not been completed, is set at 50 years, and is being served concurrently with the Nevada County term. In other words, at the time of pronouncing sentence in the present case, in 1954, the Nevada County term and the San Francisco term were running concurrently and had been running concurrently from 1945, and had not been completed; and no part of the San Francisco term had been served separately from the Nevada County term. At the time of pronouncing sentence in the present case the Nevada

County term had run 11 years, and the San Francisco term had run 9 years concurrently with the Nevada County term. It thus appears that a part of the Nevada County term, that is two years, the part from April, 1943 to April, 1945 (when the San Francisco term commenced), was served separately from the San Francisco term; but no part of the San Francisco term (which has been running concurrently with the Nevada County term) has been served separately from the Nevada County term. In *People* v. *Mangan*, 87 Cal.App.2d 765 [197 P.2d 781] (hereinafter referred to more particularly), it is said that a part of a term is a term within the meaning of section 644 of the Penal Code. Even if the part of the Nevada County term which was served prior to the commencement of the San Francisco term (that is the part from 1943 to 1945) be regarded as a separate term, a question arises as to whether there was another separate term. Under section 644, subdivision (a), the requirement is that a defendant must have served two separate terms. As above stated, no part of the San Francisco term was served separately from the Nevada County term.

The case of *People* v. *Mangan*, 87 Cal.App.2d 765 [197 P.2d 781], above referred to, is factually different from the present case, in that, in the cited case each of the two prior terms had been completed—with the last part of the first term overlapping or being concurrent with the first part of the second term. In other words, in that case the first part of the first term was served separately, and the second part of the second term was served separately—making two separately-served parts of the two completed terms. In that case the defendant was convicted of robbery in 1925, was received at San Quentin prison in April, 1925, and was paroled in June, 1934. In January, 1935, he was convicted of a second robbery, committed while he was on parole, and the sentence thereon was to run concurrently with the remainder of the 1925 sentence. He was returned to prison on February 1, 1935, on both the 1925 and 1935 convictions. On February 12, 1935, (12 days after being returned), he was discharged as to the 1925 sentence. His term under the 1935 sentence expired in 1942. It thus appears that 12 days of the two sentences were concurrent. In 1947 the defendant was convicted of a third robbery, and was adjudged an habitual criminal. The question therein was whether he had previously served two separate terms. The court said therein (pp. 767-768) : "Thus the records show that but 12 days of the two terms were

concurrent. The entire balance of the 1925 and 1935 terms were entirely separate and distinct. It is well settled that the service of a 'term' within the meaning of section 644 of the Penal Code includes part of a term as well as a full term. . . . Under the rule of these cases it appears that appellant has served a 'term' under the 1925 sentence. He likewise served a 'term' under the 1935 sentence. All but 12 days of a seven and one-half calendar year term under that sentence were separate and distinct from the time served under the 1925 sentence. Thus the major part of the 1935 term was separate from the 1925 term. Since part of a term is a 'term,' within the meaning of the section, it follows that parts of two terms constitute 'separate' terms within the meaning of the section."

In the present case, although the first part of the Nevada County term was served separately and might be regarded as a separately served term, no part of the San Francisco term was served separately from the Nevada County term, and the two terms were running concurrently at the time of sentence herein in 1954. It does not appear that there was a second separately served term. The defendant in the present case had not previously served two separate terms within the meaning of said section 644, subdivision (a). The Attorney General and Deputy Attorney General Elizabeth Miller, who represent respondent herein, are to be commended for their forthright declaration in their brief that they conclude that defendant had not served two separate terms within the meaning of said section.

The trial court erred in adjudging that defendant is an habitual criminal within the meaning of section 644, subdivision (a), of the Penal Code, and consequently the sentence was partially erroneous in that it was predicated upon the adjudication that defendant is an habitual criminal. It might be that if the court had not adjudged that defendant is an habitual criminal the court would have directed, under the provisions of section 669 of the Penal Coe, whether the term of imprisonment in the present case should run concurrently or consecutively with other prior terms of imprisonment.

By reason of such circumstances, the cause is remanded to the superior court for the sole purpose of resentencing defendant as a person who has not served separate terms in state prison within the meaning of section 644, subdivision (a), of the Penal Code.

Shinn, P. J., and Vallée, J., concurred.