ALAN SPENCER McLEE A/K/A ALAN SPENCER JACKSON *v.* STATE OF MARYLAND

[No. 1548, September Term, 1979.]

*Decided September 5, 1980.*

The cause was argued before MELVIN, WILNER and MacDANIEL, JJ.

*Martha Weisheit, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Stephen Rosenbaum, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Joseph A. Dugan, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

On September 24, 1979, pursuant to his guilty plea to robbery, Alan Spencer McLee, a/k/a Alan Spencer Jackson, the appellant, was convicted in the Circuit Court for Prince George's County (Melbourne, J.) of that offense. On December 7, 1979, he was committed, under the provisions of Md. Ann. Code, Article 27, Section 643B (c), to the custody of the Division of Correction for a period of twenty-five years. The sentence is to be served concurrent to the sentences he was already serving. On appeal he contends the court erred:

1. By not determining whether he understood the nature of the offense to which he pled guilty;
2. In imposing sentence.

The record before us shows that at about 1:30 A.M. on Wednesday, November 29, 1978, when two employees of a restaurant walked out to their car after closing the restaurant for the night, they were confronted by a man, subsequently identified as the appellant, with a gun who directed them to return to the building. As they were walking back into the building, one of the employees pressed the police alarm. They explained to the appellant that the flashing red light meant that the alarm was turned off. Accepting this explanation, the appellant instructed them to open the safe. They told him that there was a fifteen minute time delay on the safe lock and they would have to wait.

During this fifteen minute period of time, the police arrived and surrounded the building. When the time was up,

the employees opened the safe and gave the appellant the money. Appellant, then aware of the police, locked one of the employees in an office and proceeded outside the restaurant with the other employee. The police asked what was going on. The employee ran back into the building and the appellant bolted across the darkened lot where he fell down as he bumped into a chain link fence. The police apprehended the appellant and recovered the money.

I

On appeal the appellant first contends that the court failed to comply with Maryland Rule 731 c. which requires that the court make an inquiry on the record as to whether the accused understands the "nature of the charge" to which he has pled guilty before such a plea is accepted. In the instant case, at the beginning of the *voir dire,* the following colloquy occurred:

> "THE COURT: . . . Now, at this time I want to ask you if you can tell me who is sitting next to you.
>
> THE DEFENDANT: My attorney, Mr. Salmon.
>
> THE COURT: And what are the charges against you in this case?
>
> THE DEFENDANT: I am charged with armed robbery with a deadly weapon, two counts of false imprisonment, and storehouse breaking.
>
> THE COURT: Have you told Mr. Salmon your theory and your version of the defense in this case?
>
> THE DEFENDANT: Yes, ma'am, I have."

Thereafter the court advised the appellant of the sentences that could be imposed, and commented:

> "I am sure you have discussed all of the elements of the crime of armed robbery and false imprisonment and carrying a concealed weapon charge with Mr. Salmon."

After the State presented its statement of a factual basis

for the plea, the appellant disagreed with certain inconsequential representations that had been made. After discussing these with the appellant, the court commented:

". . . would the State have a case of armed robbery? The Court is satisfied they would, because all the elements of armed robbery have been presented through testimony of Saunders and Cunningham. They were there. They identified you. They were put in fear. You took the money away. You have got the elements of armed robbery."

The court then ascertained from the appellant the voluntariness of the plea and that he was pleading guilty because he was "in fact guilty and for no other reason." The court again explained the consequences of the plea and ascertained from the appellant that "in light of that advice" it was "still [his] desire to enter a voluntary plea of guilty to robbery."

We think the record reflects that the appellant fully understood the "nature of the charge" to which he offered his plea of guilty and that the plea was properly accepted by the court.

## II

The appellant secondly contends that the court erred in imposing a sentence of twenty-five years under the provisions of Art. 27, § 643B (c) (1957 Md. Ann. Code, 1976 repl. vol., 1979 cum. supp.):

"Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sen-

tence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11."

Appellant concedes that prior to the instant case he had been convicted on two separate occasions of a crime of violence that did not arise from a single incident. He argues, however, that he has not served "at least one term of confinement in a correctional institution" as a result of either of those prior convictions and thus does not meet the statutory criteria for the mandatory twenty-five year sentence. The two prior convictions occurred in 1970. They were for two separate armed robberies. He received a sentence of fifteen years for each conviction, the second sentence to be consecutive to the first. The record indicates that after serving approximately seven years the appellant was released on parole in January 1978. The instant offense occurred on November 29, 1978 — less than a year after his parole. As a result, his parole was rescinded and he was returned to Patuxent Institution, where he had been confined in 1971 following a determination that he was a defective delinquent and from which he had been paroled in January, 1978.

We think the appellant meets the statutory criteria for the mandatory twenty-five year sentence provided by the statute. He concedes that he meets the first requirement, *i.e.,* that he has previously been convicted on two separate occasions of a crime of violence not arising from a single incident. He concedes also that his instant conviction is for a crime of violence. He argues, however, that because he is still serving a term of confinement in a correctional institution for his prior convictions, he has not "served at least one term of confinement" and thus is not eligible for the mandatory increased sentence. While we recognize a certain surface logic to this argument, we reject it. At the time appellant was convicted in 1979 of his third crime of violence he had served "at least one term of confinement" for the 1970 offenses for which he was on parole, which would have been

the entire prison term had he not violated his parole. In such a situation we do not interpret the statute so as to immunize third offenders from its effects. *Cf. Leuschner v. State,* 45 Md. App. 323, 354-355 (1980). To do so "would be to place a premium on the violation of a parole, a result entirely foreign to the purpose of the act." *See People v. Martin,* 177 P.2d 813, 815 (Calif. 1947), where the statute involved provided that every person convicted of certain specified felonies "who shall have been previously twice convicted [of certain felonies] upon charges separately brought and tried, and *who shall have served separate [prison] terms therefor* ... shall be adjudged a habitual criminal and shall be punished by imprisonment in the state prison for life." (Emphasis added.) California Penal Code, § 644. The California court rejected, as we do, the argument that to invoke the statute it is necessary that the defendant have served the complete term of imprisonment imposed for the prior convictions.

*Judgment affirmed.*
*Costs to be paid by appellant.*