Filed 3/27/13  P. v. Clark CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LOUREECE CLARK,<br><br>Defendant and Appellant. | C071649<br><br>(Super. Ct. No. 09F06018) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On August 8, 2009, Jordan Latour and Marcus Zapata committed an armed robbery of a Wells Fargo Bank in Rocklin.  The robbers wore ski masks, pointed their guns at bank employees, and directed everyone to lie on the ground.  After emptying the tellers' drawers, the robbers fled the bank and entered a nearby parked car.  Defendant Loureece Clark, the driver, drove off, fleeing from pursuing officers at speeds exceeding 100 miles per hour.  The car eventually exited Interstate 80 and parked in a business complex near the freeway.

1

A witness saw Latour and Zapata, wearing ski masks, exit the parked car and run behind a building.  Defendant then drove off.  The witness informed a nearby Sacramento County Sheriff's deputy about the suspicious activity.  The deputy, unaware there had been a robbery, approached Latour and Zapata.  Latour fired several shots from a pistol at the deputy, wounding him.  The deputy fled to safety, while the two robbers fled in the opposite direction.  Defendant was later found in a nearby shed.

Defendant was charged with three counts of second degree robbery (Pen. Code, § 211),[1] felony evading an officer (Veh. Code, § 2800.2, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), attempted robbery (§§ 664, 211), resisting an officer (§ 148, subd. (a)(1)), and attempted murder (§§ 664, 187, subd. (a)), with firearm enhancements (§ 12022, subd. (a)(1)).  After the jury found defendant guilty of resisting an officer and could not reach a verdict on the remaining charges, the trial court declared a mistrial on the remaining counts.

Defendant subsequently pled no contest to two counts of second degree robbery and one count of felony evading an officer in exchange for a stipulated six-year state prison term and dismissal of the remaining charges.  The trial court sentenced defendant to the six-year state prison term, imposed various fines and fees, and awarded 811 days of presentence credit (705 actual and 106 conduct) (§ 2933.1).  Defendant appealed his conviction, which we affirmed in an unpublished opinion.  (See *People v. Clark* (Dec. 11, 2012, C068785) [nonpub. opn.].)

On February 21, 2012, defendant filed a motion in pro. per. "for the disposition of fines pursuant to Penal Code section 1205 [subdivision] (a)," asking the trial court to convert his fines and fees to additional imprisonment because he could not afford them.  The trial court dismissed the motion in part and denied it in part.

---

[1] Undesignated statutory references are to the Penal Code.

On June 13, 2012, defendant filed a declaration in support of his request to recall the sentence pursuant to section 1170, subdivision (d). The first page of the declaration referred to the denial of his request to recalculate custody credits, but his prayer for relief asked the court to reverse his "no contest plea of the disciplinary charges" and to "expunge all references to the disciplinary charges" from his central file and grant additional relief as the court deemed proper.

The trial court denied the request to recall sentence, finding it lacked jurisdiction as defendant's request was beyond the 120-day limit and the Department of Corrections and Rehabilitation (CDCR) had not requested a correction to defendant's sentence. (§ 1170, subd. (d).) To the extent defendant was requesting a correction of custody credits, the trial court ruled that defendant was subject to the 15 percent limitation of section 2933.1 as he had been convicted of robbery, a serious felony as defined in section 667.5, subdivision (c)(9). The court also corrected a calculation error and modified defendant's presentence conduct credits to 105[2] days, for a total of 810 days' presentence credit (705 actual and 105 conduct).

Defendant appeals from the trial court's order modifying his conduct credits.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief asserting he is innocent of his crimes and should be released from prison.

---

[2] Fifteen percent of the 705 days of actual credit equals 105.75, which rounds to 105 days rather than the 106 days originally imposed.

3

Defendant cannot raise this issue in this appeal. The right to appeal is purely statutory; neither the state nor the federal Constitution grants the right to appeal. (*Abney v. United States* (1977) 431 U.S. 651, 656 [52 L.Ed.2d 651, 657-658]; *People v. Charles* (1985) 171 Cal.App.3d 552, 557.) The source of defendant's right to appeal is section 1237, subdivision (b), which permits an appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." When the Legislature authorized the appeal of orders after judgment, it "did not intend to give a defendant the right to raise any question which might have been raised under an appeal from a final judgment of conviction . . . ." (*People v. Carkeek* (1939) 35 Cal.App.2d 499, 505.) Defendant could address the propriety of the order he appealed, whether the trial court properly reduced his conduct credits, but defendant cannot use this appeal to attack the factual basis of his conviction. Additionally, the issue defendant presents here, his alleged innocence, could have been raised in his prior appeal, forfeiting the contention. (*People v. Senior* (1995) 33 Cal.App.4th 531, 533, 538.) Accordingly, we shall reject defendant's contention.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

    BLEASE           , J.


We concur:


    RAYE           , P. J.


    BUTZ           , J.