[Crim. No. 3832. In Bank.—December 26, 1934.]

THE PEOPLE, Respondent, v. JAMES F. McKINLEY, Appellant.

James F. McKinley, *in pro. per.*, and Edwin F. Franke for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SHENK, J.—The defendant was charged by information in two counts with obtaining money under false pretenses amounting to petty theft, with prior conviction of a felony. He was found guilty by a jury of the offense charged under each count and of the charge of prior conviction. He was sentenced by the court to imprisonment in the state prison at Folsom for the term prescribed by law.

The defendant on this appeal from the judgment of conviction devotes his arguments to the main contention that the evidence is insufficient to justify the judgment of conviction of the prior conviction of a felony.

There was admitted in evidence, certified by the keeper of the records of Oklahoma state prison, a judgment of conviction of the crime of obtaining money under false pretenses, the fingerprints and photographs of one J. W. McKinley, and an affidavit that the judgment of conviction

accompanied J. W. McKinley at the time he was committed to the· Oklahoma state prison and that the fingerprints and photographs were made at that time. It was in evidence that the defendant's fingerprints were the same as the fingerprints introduced with the record of conviction in the state of Oklahoma. On cross-examination the defendant testified: "Did your memory get hazy about what happened to you when you were in Oklahoma? A. Well, I don't know as I have ever been in Oklahoma. They don't have anyone here who ever seen me in Oklahoma. Q. Would you believe him if he were to testify to that effect? A. If they would bring the warden here from the State Penitentiary, and if the warden says I have served time under him, why, I might."

The documents received in evidence were properly authenticated by certification and were admissible pursuant to section 969b of the Penal Code. The evidence supports the charges of petty theft and the charge of such prior conviction.

■ The defendant contends that the judgment of the court was improper upon which to confine him to state prison pursuant to section 667 of the Penal Code, because it failed to state that the defendant had served a term in a penal institution for the prior felony of which he was found to have been convicted. The defendant relies on *In re Boatwright*, 216 Cal. 677 [15 Pac. (2d) 755]. That case, however, did not decide the question which the defendant presents. The discussion in the decision relied upon refers to the question whether, pursuant to section 644 of the Penal Code, the court in pronouncing judgment should make the order that the person charged is an habitual criminal before he may be held for the life term prescribed by said section. In the present case the information in each count alleged the prior conviction and that the defendant had served a term in a penal institution therefor. The verdict as to each count found the defendant guilty of the particular offense after prior conviction of a felony as charged in the information. The judgment as to each count recited that the defendant had been found guilty of petty theft after prior conviction of a felony, the judgments to run concurrently. There is no necessity for the further statement in the judgment that the defendant had served time

for a prior felony, when, as here, the fact was charged, proved and found by the jury, in order to subject him to the term prescribed by section 667 of the Penal Code.

The judgment is affirmed.

Preston, J., Curtis, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.