[Civ. No. 20755. Fourth Dist., Div. Two. Apr. 11, 1979.]

COMMUNITY RELEASE BOARD, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
RAYMOND ANGEL RABREAU, Real Party in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Gary W. Schons, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Joseph Shemaria and Joseph F. Walsh for Real Party in Interest.

**OPINION**

**GARDNER, P. J.**—It is hardly "man-bites-dog" news to the trial judges of this state to observe that the new determinate sentence law is hardly a model of legislative clarity.[1] In this case we are called upon to ascertain the legislative intent in two of its more murky provisions. ■ The issue is whether a prisoner is entitled to good time credit under section 2931 (all citations are to the Penal Code) against time confined under section 3057 for parole revocation.

---

[1] As a sentencing judge wends his way through the labyrinthine procedures of section 1170 of the Penal Code, he must wonder, as he utters some of its more esoteric incantations, if, perchance, the Legislature had not exhumed some long departed Byzantine scholar to create its seemingly endless and convoluted complexities. Indeed, in some ways it resembles the best offerings of those who author bureaucratic memoranda, income tax forms, insurance policies or instructions for the assembly of packaged toys.

Since prisoners are not necessarily paradigms of responsible behavior and since, in climbing up civilization's ladder, we have abandoned the lash and torture chamber, some method must be devised to control the obstreperous inmate. Under the Indeterminate Sentence Law, this was done by administrative term fixing and parole practices. Since these dangling carrots are absent under the new law, the Legislature substituted "good behavior and participation credit." Under the present law, the judge sentences the prisoner to a definite term under section 1170. Then to give the prisoner an incentive to behave himself, section 2931 provides that the prison authorities may reduce his time by one-third for good behavior and participation. As indicated, the question involved in this case is whether the prisoner is entitled to that same one-third time off for good behavior when confined for a parole violation under section 3057.[2]

In order to make this matter remotely intelligible, we strip the facts to their essentials. The prisoner was sentenced to prison. He was then paroled. He had been given good behavior credit under section 2931 on his initial commitment. He then violated his parole and was committed to six additional months under section 3057. He wanted good behavior credit applied during the time he was confined under that section. The Community Release Board declined to give him such credit. He petitioned for a writ of habeas corpus. The trial court agreed with his contentions and ordered his release since, with the good time credit applied to his six-month term, he had served that term. The board then petitioned this court for a writ of prohibition/mandate to set aside the trial court's ruling. We grant the petition.

Under section 2931, the Department of Corrections has the authority to reduce, for good behavior, the "term prescribed" by the trial court under section 1170. The "term prescribed" is the term set by the court. This has nothing to do with any time confined as a parole violation. That time is set by the board. Section 1170 refers to "terms of imprisonment" and provides that ". . . the court shall also inform the defendant that as part of

---

[2]Insofar as pertinent section 2931 provides: "(a) In any case in which an inmate was sentenced to state prison pursuant to Section 1170. . ., the Department of Corrections shall have the authority to reduce the term prescribed under such section by one-third for good behavior and participation. . . ."

Section 3057 provides:

"(a) Confinement pursuant to a revocation of parole in the absence of a new conviction and commitment to prison under other provisions of law, shall not exceed twelve months.

"(b) Upon completion of confinement pursuant to parole revocation without a new commitment to prison, the inmate shall be released on parole for a period which shall not extend beyond that portion of the maximum statutory period of parole specified by Section 3000 which was unexpired at the time of each revocation."

the sentence after expiration of the term he may be on parole. . . ." Section 3000 provides that "[a]t the expiration of a term of imprisonment . . . imposed pursuant to section 1170," the inmate shall be released on parole. Thus, the legislative scheme makes clear that the term of imprisonment set by the court is distinct from any parole procedures. As to those procedures, the court has no authority, only the board. There are thus two distinct parts of the "sentence," the "term of imprisonment" set by the court and parole procedures set by the board. The "term of imprisonment" ends before parole begins. The legislative scheme makes clear that good behavior credit under section 2931 applies only to the "term of imprisonment" prescribed pursuant to section 1170.

As some indication of legislative intent, during the last legislative session there was an attempt to amend section 3057 in Senate Bill No. 1057 to specifically provide (as prisoner now contends) that the period of confinement under section 3057 was "subject to the provisions of sections 2930 and 2932." That amendment was deleted and the new section 3057 (which increases the possible period of confinement from six to twelve months) does not contain this provision. The Legislature's consideration and rejection of the position taken by prisoner is most persuasive. (*Madrid* v. *Justice Court,* 52 Cal.App.3d 819, 825 [125 Cal.Rptr. 348].)

Actually, the distinction between good time credit under the term of imprisonment and no good time credit for time served for parole violation makes sense. The term of imprisonment is a fixed term. As indicated, good time credit procedures are necessary for prison discipline. However, the term imposed by the board under section 3057 is indeterminate—"shall not exceed" six months (now twelve) months and obviously subject to being reduced at the board's discretion.

The prisoner's response is that the "sentence"[3] is the whole schmeer, meaning the term of imprisonment plus parole proceedings, and that section 2931 applies to both. It is true that section 1170 and section 3000 say that as a part of a "sentence" the prisoner shall be on parole at the expiration of his term of imprisonment. There is, of course, nothing wrong with allowing good behavior credit to follow a prisoner through the entire sentencing process. However, the Legislature has not done so. A good argument can be made that effective and proper correctional procedures would be to have only one standard. If the idea of good

---

[3]Only a court may "sentence." Incarceration upon revocation of parole is not a "sentence," it is "confinement pursuant to a revocation of parole." (§ 3057.)

behavior credit acts as an inducement of good behavior on the part of the inmate during an initial term of imprisonment, that same incentive should be available to the inmate who is serving time for revocation of parole. In the present law there are two standards. Nevertheless, under the principle of fidelity to legislative purpose, we are in no position to rewrite the law. It is not our prerogative under principles of statutory interpretation to rewrite the law the way we think it should have been written in the first place. As we have indicated if the Legislature intended to give good time credit for time served on parole revocation, it would be a very simple thing to include that in the law as the proposed amendment noted above purported to do.

Prisoner attempts to present other issues. The trial court found against him on these issues and we can find no fault with that determination. He also attempts to present other issues on this level. Nevertheless, the trial court ruled on the specific issue on which we rule and we decline to become involved in further analysis of this troublesome law.

Petitioner's attempt to apply *People* v. *Sage,* 90 Cal.App.3d 722 [153 Cal.Rptr. 533] credits to time served under section 3057 is unavailing. *Sage* would apply to his term of imprisonment, not to confinement pursuant to a revocation of parole. He has already served his term of imprisonment.

The trial court is instructed to set aside the order granting the petition for writ of habeas corpus.

Tamura, J., and McDaniel, J., concurred.

On May 2, 1979, the opinion was modified to read as printed above. The petition of the real party in interest for a hearing by the Supreme Court was denied June 7, 1979.