[Crim. No. 19549. First Dist., Div. One. Feb. 28, 1980.]

**THE PEOPLE, Plaintiff and Respondent, v.
GARY HARLAN MATHEWS, Defendant and Appellant.**

COUNSEL

Jonathan Matthew Purver, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford Thompson, Kenneth C. Young and Tiffany Rystrom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

NEWSOM, J.—The appellant Mathews was found guilty of burglary after a court trial, and appeals from the judgment entered thereon.

A brief factual recapitulation shows that on September 14, 1978, the Johnson residence, in the Mitchell Heights area of Humboldt County, was burglarized. On that day at about 11 a.m., appellant had visited the home of his former foster father, a Mr. Reed, who lived next door to the Johnsons. Shortly after appellant's arrival, Mr. Reed left the area for half an hour, leaving appellant alone in the house. Upon his return, Mr. Reed observed appellant walking away from the corner of the Reed property nearest the Johnson house. He testified further that, after the Johnsons had left their residence, but prior to appellant's arrival, he had noticed a strange automobile in the Johnsons' carport.

When Mrs. Johnson returned from work at about 4 p.m. the same day, she found her home had been broken into—apparently by means of her son's bedroom window, from which a screen had been removed—and a number of items of personal property including two portable TV sets, stolen.

Subsequent investigation disclosed appellant's fingerprints on the screen, and his palm prints on the exterior of the bedroom window which the screen had enclosed.

On the strength of this and related evidence, and inferences drawn from it, appellant was convicted. ■ On appeal he presents a number of contentions, first among which is that, as a matter of law, his conviction is not supported by substantial evidence.

I

The phrase "substantial evidence," while an imprecise one, has come to acquire some objective meaning. It has been defined, for example, by Justice Elkington in *People* v. *Kent* (1979) 96 Cal.App.3d 130, 134 [158 Cal.Rptr. 35] as: "'. . . evidence that reasonably inspires confidence [and is "credible"] and is "of solid value". . . .' (*People* v. *Bassett*, 69 Cal.2d 122, 139. . . .) ■ 'The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; . . .' (*People* v. *Redmond*, 71 Cal.2d 745, 755. . . .) In making this determination an appellate court, viewing all of the evidence, will determine whether a reasonable judge or jury could have found the accused guilty beyond a reasonable doubt. (*People* v. *Beagle*, 6 Cal.3d 441, 449-450. . .; *Jackson* v. *Virginia* (June 28, 1979) 443 U.S. 307, . . . .) In this restricted determination the court will consider 'the weight of the evidence before deferring to the conclusions drawn from the evidence by the trier of fact.' (*People* v. *Kunkin*, 9 Cal.3d 245, 250. . . .) 'Appellate duty is not satisfied. . . when substantial evidence emerges on one side. Rather, the judges must look to the evidence on both sides and not limit their scrutiny to that supporting the verdict. . . . Their objective is not to replace the jury but to satisfy themselves that the verdict is reasonable.' (*People* v. *Fonville*, 35 Cal.App.3d 693, 703-704. . . .)"

■ A summary of the evidence supportive of the judgment below would include the following. A print made by appellant's left middle finger was found on a screen removed from the bedroom window through which entry had been made. Two prints made by appellant's right palm found on the outside of that window could only have been placed there if the screen had been first removed, and there was no evidence that appellant had ever had any independent reason for removing it. Further, during the time appellant remained at the Reed residence, no one was present at the Johnson home, while Mr. Reed disappeared

for half an hour, leaving appellant alone next door to the Johnson home. Finally, appellant was to have been painting lawn furniture located at some distance from the Johnson home, but was observed by Mr. Reed to be coming "from the corner of (Reed's) property from Mr. Johnson's house." Such evidence, while not perhaps overwhelming, seems to us strongly probative of appellant's complicity in the burglary. (*People* v. *Kent, supra*, 96 Cal.App.3d 130; *Jackson* v. *Virginia* (1979) 443 U.S. 307 [61 L.Ed.2d 560, 99 S.Ct. 2781].)

## II

■ Appellant next claims error in the trial court's failure to state adequate reasons for imposing on appellant the upper term of three years' imprisonment, plus a one-year enhancement under Penal Code section 667.5, subdivision (b).[1]

The court was, under current legislation, empowered to impose the upper term only if circumstances in aggravation justified such severity. (Cf. Pen. Code, § 1170, subd. (f); *People* v. *Turner* (1978) 87 Cal. App.3d 244, 245 [150 Cal.Rptr. 807].) Here, the learned trial judge summarily listed circumstances in aggravation, as follows: "The facts surrounding the commission of the instant offense indicate some degree of professionalism and premeditation. ([Cal. Rules of Court] Rule 421(a)(8).) Defendant's prior convictions, both as a juvenile and as an adult, are numerous and are of increasing seriousness. (Rule 421(b)(2).) Defendant was on parole when he committed the crime. (Rule 421(b)(4).) Defendant's past performance on probation and parole has been unsatisfactory. (Rule 421(b)(5))."

What is strictly required, however, as set forth in California Rules of Court, rule 443, is that the judge "state in simple language the primary factor or factors that support the exercise of discretion...." And, as stated in the advisory committee's comment to rule 443, "The oral statement of reasons should be complete in itself, and should not refer to a motion or a written document for clarification." (Cf. 23, pt. 2 West's Ann. Rules of Court (1978 pocket supp.) p. 45; Deering's Cal. Codes Ann. Rules (1979 pocket supp.) p. 23.)

Here, unlike the trial judge in *People* v. *Turner, supra*, 87 Cal.App.3d 244, the court made no attempt to include by reference the

---

[1]The sentence to run consecutively to that imposed in a second case, as discussed below.

probation report, instead referring—at least in general terms—to proper matters in aggravation. The reference to specific rules of court seems to us superfluous, so that, on balance, we conclude that the statement of reasons for imposition of the upper term, while spare, was legally sufficient. (*People* v. *Garfield* (1979) 92 Cal.App.3d 475, 479 [154 Cal.Rptr. 869]; *People* v. *Roberson* (1978) 81 Cal.App.3d 890, 893 [146 Cal.Rptr. 777].)

## III

■ Related to this claimed sentencing error is appellant's argument that the court erred in concluding that appellant's criminal acts bespoke sophistication and professionalism—both of which are factors listed in Rules of Court, rule 421(a)(8) as justifying imposition of the upper term.

Again, while such epithets are perhaps lacking in precision and objective significance, they seem calculated to invest a considerable latitude in the otherwise steadily eroding sentencing discretion of the trial judge. Thus, while appellant's counsel sees the crime as guileless and clumsy, we tend to agree that the manner of its commission suggests a fair measure of professionalism. Professionalism does not so much import the notion of expertise as it does experience. Here, the items taken were easily and quickly marketable, and the crime itself seems to have been a cooperative one, requiring foresight, planning and a certain calmness and deliberation on appellant's part which negate the view that he acted at random, or spontaneously.

## IV

■ Appellant next raises recurrent and vexing issues concerning Penal Code section 667.5, and the propriety of the court's use of appellant's prior conviction to enhance his sentence by adding a one-year term.

Factually, the record before us shows that appellant was sentenced to state prison (in Crim. No. 7951) on April 1, 1977, but that execution of sentence was suspended and appellant placed on two years' supervised probation. On August 5, 1977, probation was revoked, and, pursuant to the previously suspended sentence, appellant was committed to state prison. On April 15, 1978, he was paroled, and on September 14, 1978,

he committed the crime for which he was sentenced in the instant case. At the time of such sentence, appellant's parole on the earlier commitment was revoked by the California Community Release Board.

Appellant, then, was ordered to serve the subject three-year term consecutive to the unserved portion of his earlier sentence (Pen. Code, § 669), and further ordered to serve an additional consecutive one-year sentence based upon his having had a prior prison term. (Pen. Code, § 667.5.) Penal Code section 667.5 reads in relevant part as follows: "...(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction....[¶] (g) A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after escape from such incarceration."

Appellant's initial argument appears simply to be that since sentence was suspended it was never "imposed," and therefore section 667.5 is inapplicable to his case.

Appellant's prior—admitted by him at a pretrial conference—resulted in suspension of execution of sentence, which suspension, however, was *vacated* upon probation revocation. He was, therefore, in fact *sentenced* to prison within the meaning of Penal Code section 667.5, subdivision (b), and such sentence was of record before the court when it sentenced him on the instant offense and when it added the section 667.5 one-year enhancement.

The evident purpose of section 667.5 appears to have been the sensible one of providing courts with added punishment possibilities for prior imprisoned recidivist offenders. It contains limitations designed to insure that but one enhancement may be imposed for any one prior prison offense, i.e., no person is to receive two or more enhancements for the

same crime, even though he may have been imprisoned, paroled and reimprisoned. (Pen. Code, § 667.5, subd. (g); *People* v. *Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892].)[2] What else the section means, however, is not so simple to discern.

Appellant argues that because parole was revoked and reimprisonment imposed he has not *completed* the sentence and so cannot receive an enhancement. We reject such reasoning for the same reasons recently stated, on similar facts, in *People* v. *Espinoza* (1979) 99 Cal. App.3d 59 [159 Cal.Rptr. 894] [hg. den. Feb. 7, 1980]. It is clear that what was intended by subdivision (g) of Penal Code section 667.5 is a legislative distinction between parole violators recommitted solely for the past offense, and those who, recommitted, received a *new* separate term of imprisonment as here. As said in *Espinoza, supra*: "The truth is that section 667.5 does not define 'a continuous completed period of prison incarceration.' The best indication of what the Legislature meant by that expression is found, we believe, in section 3000 in which the Legislature speaks of the 'expiration of a term of imprisonment' in contradistinction to release on parole and 'completion of parole, or...the end of the maximum statutory period of parole.' The language of section 3000 makes plain the legislative assumption that a term of imprisonment expires prior to release on parole. A term of imprisonment which has expired, has been 'completed.' We conclude, therefore, that a term of imprisonment is 'completed' at the expiration of the stated term notwithstanding the undoubted legal truism that additional imprisonment on revocation of parole is referable to and in legal theory a part of an original term and notwithstanding that for purposes of determining how many prior separate prison terms a convicted felon has suffered, reimprisonment upon revocation of parole not accompanied by a new commitment is 'included' in the prior prison term. Here, of course, defendant's reimprisonment upon revocation of parole *would be* accompanied by a new commitment, and read literally, the statutory language indicates that reimprisonment on revocation of parole accompanied by a new commitment *is not included* in the prior prison term. Of course, such reimprisonment accompanied by a new commitment cannot itself serve as a separate prior prison term in the event of yet another felony conviction at a future time, because for these purposes it will be a sentence 'in combination with...sentences for other crimes.'" (*People* v. *Espinoza, supra*, 99 Cal.App.3d 59, 72-73.)

---

[2]We read *Cole* as holding, in effect, that appellant there could receive but one enhancement for his arson conviction, i.e., that his *reimprisonment* upon revocation of parole could not have served as a basis for a second enhancement.

Accordingly, we conclude that appellant was properly given a one-year enhancement under Penal Code section 667.5 in that, prior to commission of the new offense, he had served a prior separate prison term for which he has been reimprisoned after revocation of parole. (Pen. Code, § 667.5, subds. (b), (g); cf. Cal. Admin Code, tit. 15, § 2154, subd. (b)(2).)

■ Finally, respondent concedes that if the one-year enhancement is valid, the imposition of consecutive sentences based on the same prior conviction is improper. We agree.

Penal Code section 669 confers jurisdiction on the sentencing court to determine whether a new term of imprisonment should run consecutive to the previous terms imposed. Here the court ordered the new term to run consecutive to a parole revocation period. However, as previously discussed, Penal Code section 3000 makes a distinction between the *expiration of a term of imprisonment* as opposed to release on parole or confinement on revocation of parole. (*People* v. *Espinoza, supra*, 99 Cal.App.3d 59, 72-73.) As respondent argues, it would be anomalous to find appellant's prior prison term "completed" for enhancement purposes, and then to characterize it as "currently running" for the purpose of imposing consecutive sentences. Logically, when a person has served a determinate sentence and is reimprisoned upon revocation of parole, he has not returned to prison for the purpose of serving the balance of his original term. (Pen. Code, § 3000, subd. (a); *People* v. *Espinoza, supra*, 99 Cal.App.3d 59; *Community Release Board* v. *Superior Court* (1979) 91 Cal.App.3d 814, 817 [154 Cal.Rptr. 383].) Rather, he is reimprisoned for the purpose of serving a maximum of 12 months for violating his parole. (Pen. Code, § 3057, subd. (a).) Therefore, we conclude that while the enhancement is valid, the consecutiveness of the sentence should be stricken.

That portion of the judgment purporting to impose a consecutive sentence is stricken; as modified, the judgment is affirmed.

Racanelli, P. J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1980.