[Crim. No. 4985. Fifth Dist. Apr. 16, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
RICARDO RUIZ, Defendant and Appellant.

**COUNSEL**

Allen R. Crown, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROWN (G. A.), P. J.—Appellant was convicted by a jury of robbery and assault with a deadly weapon and two firearm use charges (Pen. Code, § 12022.5). He was also found to have been convicted of four prior felonies: on December 16, 1959, of possession of metal knuckles (Pen. Code, § 12020); on January 9, 1961, of possession of a dirk or dagger while in prison (Pen. Code, § 4502); on January 8, 1965, of voluntary manslaughter (Pen. Code, § 192, subd. 1); and on April 20, 1977, of possession of marijuana for sale (Health & Saf. Code, § 11359). No enhancement was assessed for the marijuana for sale conviction, and it is not at issue herein. The sole claims of error concern sentencing. It is therefore unnecessary to recite the facts of the current crimes or of the priors.

The amended abstract shows that appellant was sentenced in the current proceeding to thirteen years, consisting of an upper base term of five years for the robbery, a one-year consecutive term for the assault with a deadly weapon, a two-year enhancement for the firearm use, a three-year enhancement for the prior manslaughter conviction, a one-year enhancement for the prior possession of a dirk or dagger while in prison, and a one-year enhancement for the prior possession of metal knuckles conviction (Pen. Code, § 667.5, subd. (b)).

The record reflects that he was received at state prison on December 22, 1959, for the metal knuckles conviction and started serving a six months to five years sentence; on January 12, 1961, appellant commenced serving a five years to life concurrent sentence for possession of a dirk or dagger in prison; on January 8, 1965, while in prison he commenced serving a six months to ten years sentence for voluntary manslaughter. All prior sentences were concurrent. When he was granted parole on January 28, 1975, he had served continuously in prison since December 22, 1959; a period of approximately fifteen years and one month.

█ Appellant contends that the court erred in enhancing his base term for the prior prison terms. We agree as to the one-year enhancement for the prior possession of a dirk or dagger commitment only, and

will modify the sentence by reducing the total term by one year within the meaning of Penal Code section 667.5, subdivisions (e) and (g).[1]

The core issue is whether the prior prison terms were served separately within the meaning of Penal Code section 667.5, subdivisions (e) and (g).

■ Initially, appellant argues that the failure to allege in the information that the prior prison terms were served separately is fatal. It is true that the information did not expressly allege that the prior prison terms were served separately. (See Pen. Code, § 667.5; *People v. James* (1978) 88 Cal.App.3d 150 [151 Cal.Rptr. 354].) However, such a defect is not fatal where the record discloses in some manner that defendant served separate prison terms. (*People v. James, supra; People v. Martinez* (1980) 109 Cal.App.3d 851 [167 Cal.Rptr. 477].) Here the report of the probation officer which was before the court expressly sets forth the dates that appellant was received in prison for each commitment, the length of each commitment, and the date of his eventual parole. Therefore, the error in not expressly alleging that the terms were served separately does not require reversal.

Moreover, at the time appellant admitted the priors he admitted that he had fully served all his time on each of the charged priors before being released from prison on parole.

■ Whether under these facts the prior terms were served separately within the meaning of Penal Code section 667.5, subdivisions (e) and (g), is an issue of first impression.

Subdivision (g) of Penal Code section 667.5 defines a "prior separate prison term" as "a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes . . . ." Appellant contends

---

[1]Penal Code section 667.5 provides in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

" . . . . . . . . . . . . .

"(c) The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison.

" . . . . . . . . . . . . .

"(g) A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after escape from such incarceration."

that the court should have imposed only one enhancement for a period of one year for the initial conviction and sentence in 1959 for the possession of metal knuckles charge. He argues that because he was in prison continuously from the time he was sentenced on that charge until his parole on January 28, 1975, he did not serve separate prison terms on the other charges. In effect, he contends that the three prior convictions resulted in one continuous period of incarceration, all of which resulted from his 1959 conviction and imprisonment, and that none of the prior terms was completed, because there was no interruption of the imprisonment by his release on parole. Appellant focuses upon subdivision (g) of section 667.5 which requires a "continuous completed period" of imprisonment. In effect, he argues that subdivision (g) requires noncontinuous periods before more than one enhancement can be imposed. We disagree.

There appears to be nothing in the statute or in logic that requires a period of imprisonment to be interrupted before separate enhancements may be imposed for terms that are completed while in prison. Thus, in the case at bench the five-year 1959 term for the possession of brass knuckles was served separately and completed in 1964 before the 1965 conviction for voluntary manslaughter for which he was sentenced to a term of six months to ten years. His term for the manslaughter conviction had been served when he was released on parole in 1975.

Existing authority is not dispositive of the issue. However, in *People v. Espinoza* (1979) 99 Cal.App.3d 59 [159 Cal.Rptr. 894], the court stated "[a] term of imprisonment which has expired, has been 'completed.'" (*Id.*, at p. 72; see also *People v. James* (1980) 102 Cal.App.3d 728, 732-733 [162 Cal.Rptr. 548]; *People v. Welge* (1980) 101 Cal. App.3d 616, 620-621 [161 Cal.Rptr. 686].) In the case at bench, the 1959 commitment had expired prior to the commencement of the 1965 commitment; accordingly, the initial commitment had been "completed" and could not therefore be deemed "continuous" to the latter commitment.

The evident purpose of section 667.5 weighs heavily against the construction urged by appellant. That purpose has been stated to be "... the sensible one of providing courts with added punishment possibilities for prior imprisoned recidivist offenders." (*People v. Mathews* (1980) 102 Cal.App.3d 704, 711 [162 Cal.Rptr. 615].) This is consistent with the general purpose of determinate sentencing, which is, "to increase the penalties incurred by repeat offenders and thus deter recidivism."

(*People* v. *Butler* (1980) 104 Cal.App.3d 868, 884 [162 Cal.Rptr. 913].) The construction urged by appellant is at odds with this purpose. Under appellant's construction of the statute a prisoner would be free to commit a never-ending series of offenses, yet upon his eventual release and subsequent conviction suffer only one enhancement for the extended period of egregious conduct. Such a result could not have been contemplated by the Legislature.

This becomes obvious if one slightly alters the facts of this case. If instead of committing a second crime in prison, appellant had been released and, a day later, committed the second crime, he clearly would be eligible for two enhancements. (*People* v. *Espinoza, supra*, 99 Cal. App.3d 59, 72-73.) The mere fortuity of having committed the second crime prior to his release from prison should not preclude the imposition of two enhancements, where, as here, his 1959 commitment expired prior to the imposition of the 1965 prison term.

The Legislature cannot have intended that such an adventitious temporal circumstance should cause a different result in the two situations.

Finally, respondent concedes that the prison term for the 1961 conviction of possession of a dirk or dagger in prison was not completed prior to the imposition of sentence for the 1965 conviction for voluntary manslaughter. Thus, the one-year enhancement for the 1961 conviction must be stricken.

The judgment is modified by striking the one-year enhancement imposed for the 1961 conviction and sentence of possession of a dirk or dagger in prison, thus reducing the total term to twelve years; as so modified the judgment is affirmed. The superior court is directed to prepare and forward to the Department of Corrections an amended abstract of judgment reflecting the change, and the Department of Corrections is directed to forthwith make the change on its records. As so modified, the judgment is affirmed.

Hanson (P. D.), J., and Conklin, J.,* concurred.

A petition for a rehearing was denied May 3, 1982, and appellant's petition for a hearing by the Supreme Court was denied June 9, 1982.

---

*Assigned by the Chairperson of the Judicial Council.