[Crim. No. 5387. Fifth Dist. July 30, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT GREEN, Defendant and Appellant.

COUNSEL

Jin Ishikawa, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Susan R. Bunting, Robert G. Mendez and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BROWN (G. A.), P. J.**—Appellant was convicted after jury trial of burglary (Pen. Code, § 459).[1] The jury found that he had served two prior prison terms (§ 667.5). He appeals from the judgment.

### MIRANDA

Appellant contends that his statements made at the crime scene and at the police station were improperly admitted at trial because the prosecution failed to show the requisite warnings and waivers under *Miranda* v. *Arizona* (1966) 384 U. S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. Appellant's failure to object below on *Miranda* grounds precludes his present contentions. (*People* v. *Bennett* (1976) 60 Cal.App.3d 112, 116 [131 Cal.Rptr. 305].)

---

[1] All statutory references herein are to the Penal Code.

## Effectiveness.

Appellant charges that his trial counsel was ineffective for failing (1) to raise the above *Miranda* contentions by voir dire of the officer and objection and (2) to bring about appellant's admission, outside the jury's presence, of the alleged prior prison terms.

The governing rules appear in *People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R. 4th 1].

■ With regard to the alleged admissions made at the scene, appellant has failed to identify the testimony of which he complains by citation to the record. Suffice it to state that the first statement occurred before appellant was arrested after the officer, in response to appellant's question, explained that he was a vehicle burglary suspect. His trial counsel may have reasoned that appellant was not in custody within the meaning of *Miranda* and that his statement was not a product of interrogation *or its functional equivalent.*

With regard to the other admissions made at the scene *after* appellant's arrest, the record suggests that these *were* the products of interrogation. It does *not*, however, indicate whether or not appellant had received *Miranda* warnings before being questioned. Further, appellant made the same statements later at the police station, after being advised per the standard department-issued card. For all the present record shows, no *Miranda* violation occurred at the scene. Or maybe counsel reasoned that he might as well let the statements in, since the later, station house statements were not excludable.

But, appellant argues, the officer failed to lay an adequate foundation for the admissibility of the station house statements because the record does not reveal the content of the card which was read. The officer neglected to bring the standard card to court, but counsel probably figured that objection would be a waste of time because the officer, if pressed, could probably get ahold of the card within a matter of minutes.

In sum, appellant has failed to establish ineffectiveness related to *Miranda.*

■ Despite the advice of counsel and repeated, clear warnings from the trial court as to the likely adverse consequences, appellant refused

to admit the two prior prison terms which had been alleged for enhancement purposes. The prosecution thus introduced evidence of prior felony convictions for murder and burglary. Appellant complains that his counsel's failure to force him to admit them caused irreparable damage to the defense case.

Obviously, introduction of evidence as to the priors didn't help the defense as to the current burglary, but the record shows that trial counsel *did* urge appellant to admit them. The matter was discussed at length, in all its ramifications, with appellant at first unwilling, then willing, then finally unwilling to admit them. Appellant fails to show that anything else counsel might have done would have changed his client's mind. Since what happened was attributable to appellant's own intransigence in the face of sound advice, he stands in poor position to castigate counsel. Moreover, the prosecution case was otherwise overwhelming.

No ineffectiveness appears.

### EVIDENTIARY SUFFICIENCY—PRIOR PRISON TERM

Finally, appellant contends that the record lacks substantial evidence to establish that he served the alleged prior prison term for burglary within the meaning of section 667.5. Subdivision (g) of that section provides: "(g) A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after escape from such incarceration."

The prosecution evidence consisted of (1) a certified copy of a Kern County Superior Court abstract of judgment showing that on June 28, 1978, in action No. 19418, appellant was sentenced to three years in state prison for burglary; (2) a Kern County jail release slip showing appellant's release on July 3, 1978, to a transportation officer en route to Chino Men's Prison; (3) a receipt for records in action No. 19418 and an envelope in which the receipt was mailed.

The receipt is addressed to:

"Bobby Joe Green
% Calif. Institution for Men
P.O. Box 441
Chino, CA 91710"

It is executed by a deputy county clerk and reflects the transmission of "Your copy one Volume Clerk's Transcript on Appeal." The document purports to reflect the receipt of said records on September 30, 1978, by Bobby Green. The accompanying envelope is addressed to the county clerk and bears the sender's name and return address:

"Bobby Green #B-94805
P.O. Box W
California State Prison: Folsom
Represso, Calif. 95671"

Appellant does not specifically attack the admissibility of any of this evidence but argues that it fails to show that he served a "continuous completed period of prison incarceration." Respondent counters that the evidence suffices to show that appellant suffered a prior felony conviction and was sentenced to prison.

The evidence *does* establish that appellant was convicted, sentenced to prison, and in fact imprisoned in action No. 19418. What it does *not* show is that, when he committed the instant offense, this period of prison incarceration was completed.

In *People* v. *Espinoza* (1979) 99 Cal.App.3d 59 [159 Cal.Rptr. 894], the court held that a defendant recommitted to prison for an additional term upon revocation of parole nevertheless had completed service of his prior prison sentence and thus was subject to a section 667.5 enhancement. The court stated, in pertinent part: "The truth is that section 667.5 does not define 'a continuous completed period of prison incarceration.' The best indication of what the Legislature meant by that expression is found, we believe, in section 3000 in which the Legislature speaks of the 'expiration of a term of imprisonment' in contradistinction to release on parole and 'completion of parole, or . . . the end of the maximum statutory period of parole.' The language of section 3000 makes plain the legislative assumption that a term of imprisonment expires prior to release on parole. A term of imprisonment which has

expired, has been 'completed.' We conclude, therefore, that a term of imprisonment is 'completed' at the expiration of the stated term notwithstanding the undoubted legal truism that additional imprisonment on revocation of parole is referable to and in legal theory a part of an original term and notwithstanding that for purposes of determining how many prior separate prison terms a convicted felon has suffered, reimprisonment upon revocation of parole not accompanied by a new commitment is 'included' in the prior prison term. Here, of course, defendant's reimprisonment upon revocation of parole *would be* accompanied by a new commitment *is not included* in the prior prison term. Of course, such reimprisonment accompanied by a new commitment cannot itself serve as a separate prior prison term in the event of yet another felony conviction at a future time, because for these purposes it will be a sentence 'in combination with . . . sentences for other crimes.'" (*Id.*, at pp. 72-73.)

The court added: "One of the primary purposes for the enactment of the determinate sentencing law and the entire legislative purpose in providing for enhanced sentences on account of prior convictions was to increase the penalties incurred by repeat offenders and thus, hopefully, deter recidivism. It is inconceivable that the Legislature intended to provide harsher treatment for a felon who has faithfully and successfully served his or her parole than for a felon who has committed yet another felony while on parole." (*Id.*, at p. 74.)

In *People* v. *Ruiz* (1982) 130 Cal.App.3d 758 [181 Cal.Rptr. 875], this court relied on *Espinoza's* definition of "completed" and upheld an enhancement even though defendant's imprisonment was not interrupted by release on parole: "There appears to be nothing in the statute or in logic that requires a period of imprisonment to be interrupted before separate enhancements may be imposed for terms that are completed while in prison. Thus, in the case at bench the five-year 1959 term for the possession of brass knuckles was served separately and completed in 1964 before the 1965 conviction for voluntary manslaughter for which he was sentenced to a term of six months to ten years. His term for the manslaughter conviction had been served when he was released on parole in 1975.

"Existing authority is not dispositive of the issue. However, in *People* v. *Espinoza* (1979) 99 Cal.App.3d 59 . . ., the court stated '[a] term of imprisonment which has expired, has been "completed."' [Citations.] In the case at bench, the 1959 commitment had expired prior to the com-

mencement of the 1965 commitment; accordingly, the initial commitment had been 'completed' and could not therefore be deemed 'continuous' to the latter commitment." (*Id.*, at p. 762.)

*People* v. *George* (1980) 109 Cal.App.3d 814 [167 Cal.Rptr. 603], which is directly on point, held: "The cited subsections of the statute make it apparent on their face that in order that the enhancement provisions of section 667.5 attach, the prior prison term must be a completed period of incarceration. However, where, as in the case at bench, a prisoner escapes from the prison while serving his lawful term, the period of his incarceration is necessarily incomplete and as a consequence the term he is serving cannot be counted for enhancement purposes. This clear meaning of the statute is further underlined by the provision which explicitly states that the complete period of prison incarceration imposed for the particular offense includes 'any reimprisonment after escape from such incarceration.'" (*Id.*, at p. 823.)

*George* is completely congruent with *Espinoza* and *Ruiz*, since the defendant's term of imprisonment had not expired when he escaped and thus was not "completed." We find *George* persuasive authority. The dissent calls it fallacious and, to this end, relies on selected passages from *Espinoza*. These out-of-context references make no mention of the above quoted holding (*People* v. *Espinoza, supra*, 99 Cal.App.3d at pp. 72-73) and thus distort the meaning of that case.

Before *Espinoza* came *People* v. *Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892], which appeared to preclude enhancement for a defendant recommitted to prison for an additional term upon revocation of parole. *Espinoza* criticized *Cole*.[2] Subsequent cases have followed *Espinoza*. The instant case does not turn on interpretation of the "parole revocation" clause discussed in *Espinoza* and *Cole* and has nothing to do with enhancement of a parolee recommitted after his parole was revoked. (*People* v. *George, supra*, 109 Cal.App.3d at p. 823.)

---

[2]"The immediate cause for the mistake of the *Cole* court appears to be its conclusion that, since a 'prior separate prison term' includes any reimprisonment on revocation of parole which is *not* accompanied by a new commitment to prison, a reimprisonment upon revocation of parole that *is* accompanied by a new commitment precludes the term served on the original conviction from constituting a 'prior separate prison term.' That is a non sequitur; that is not what subdivision (g) says. Subdivision (g) says that reimprisonment on parole which is not accompanied by a new commitment is *included* in the 'prior separate prison term.' The converse is that a reimprisonment upon revocation of parole which is accompanied by a new commitment to prison *is not included* in the 'prior separate prison term.' In other words, the subdivision simply directs when

Underlying the dissent is an attempted analogy to *Espinoza*: If it is absurd to provide harsher treatment for a felon who commits a crime *after* completing parole than for a felon who commits a crime while still on parole, then, the dissent reasons, it is absurd to provide harsher treatment for the parolee than for the escapee or other person whose term of imprisonment has not expired.[3]

There are three basic answers to this analogy. First, the "harsher treatment" premise is false. Escape from prison is a felony and, on conviction, a defendant is subject to a mandatory consecutive sentence. (§ 4530.) Moreover, this mandatory sentence is a *full* consecutive term, not reduced by the one-third formula of section 1170.1, subdivision (a) (*In re Kindred* (1981) 117 Cal.App.3d 165 [172 Cal.Rptr. 468]).

Second, even if the premise were correct, this court may not run roughshod over the plain meaning of section 667.5, subdivision (g), in an effort to impose its own notions of fairness, equity, or consistency. The definition of the elements of an enhancement is the exclusive prerogative of the Legislature.

Third, even were the meaning of subdivision (g) not plain on its face, the dissent ignores the true legislative intent. The legislative intent behind section 667.5 becomes clear upon analysis of preDSL law pertaining to prior convictions. Before July 1, 1977, priors had three main effects on criminal punishment. Former section 3024 called for certain minimum penalties for persons previously convicted of a felony. Section 3024 did not require a showing of service of a term of imprisonment for the felony prior.

---

reimprisonment on revocation of parole is or is not to be included in the 'prior separate prison term.' Either event presupposes the existence of a 'prior separate prison term.'

"Thus, as suggested by both the People and amicus, it is apparent that the Legislature placed the language 'including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison' into subdivision (g) to prevent any possibility of an overzealous prosecutor or an unperceptive judge attempting to treat the service of a single sentence to state prison interrupted by a period on parole as two prior separate prison terms, giving rise to two one-year enhancements." (*Espinoza, supra*, 99 Cal.App.3d at pp. 70-71.)

[3]Of course, if it is absurd to exempt escapees from section 667.5, then arguably it is equally absurd to exempt persons placed on felony probation who receive local incarceration as a condition of probation, or persons who receive straight felony probation, or even, perhaps, persons who were convicted of a hybrid offense which was declared a misdemeanor under section 17. Perceived absurdity must give way to the plain meaning of the law and/or the clear legislative intent.

Former sections 666 and 667 called for increased sentences where theft was involved. Section 666 concerned petty theft with a prior petty theft; section 667 involved petty theft with any prior felony conviction. Both sections required that the defendant have served a term in a penal institution.

Former section 644 called for habitual offender classification where the defendant had two or more prior convictions of certain felonies. Section 644 required that the defendant have served separate terms for the priors in the state prison or federal penal institution. Sections 644, 666 and 667 had in common that the prosecution was not required to prove the defendant was imprisoned for the full term of his felony sentence; service of a portion of his term sufficed. (*People* v. *James* (1957) 155 Cal.App.2d 604, 612 [318 P.2d 175], section 667; *People* v. *Murray* (1940) 42 Cal.App.2d 209, 217 [108 P.2d 748]; section 644.) In fact, *People* v. *Carkeek* (1939) 35 Cal.App.2d 499, 502 [96 P.2d 132] held former section 644 applied to an escapee.

Effective July 1, 1977, the Legislature repealed sections 644, 667, and 3024, revised section 666, and adopted section 667.5. New section 666 became an amalgam of former sections 666 and 667. It calls for an increased sentence where a person was convicted of petty theft with a prior conviction of petty theft or of certain theft-related felonies. It requires that the defendant have served a term for the prior in any penal institution or have been imprisoned as a probation condition. As noted, under existing law, this did not require that the defendant have served his full term. In contrast, section 667.5, the successor to former sections 644 and 3024, created one- and three-year enhancements for prior prison terms defined by subdivision (g) as quoted above.

■ For purposes of the instant case, the legislative intent is clear. The inclusion of subdivision (g)'s special definition, which for the first time required that the defendant have served a *completed* term on the prior, could only mean the Legislature did not intend the new enhancements to apply where a defendant served only a portion of his term. The Legislature's simultaneous revision of section 666, which contained the contrasting, lesser requirement that the defendant have served a term in a penal institution, underscores the Legislature's intent to create a new rule for section 667.5. Had the Legislature wished to permit the new one- and three-year enhancements based on service of a portion of a prison term, it would simply have used the tried-and-true terms of section 666 and its predecessors.

Where the evidence shows only that appellant was out of custody on August 19, 1980, the date of the instant offense, it may not be inferred that his release followed the expiration of his term. Thus, the evidence was insufficient to establish his prior prison term was completed.

The judgment is reversed insofar as it finds that appellant suffered a prior prison term in action No. 19418 within the meaning of section 667.5. The trial court is directed to prepare an amended abstract of judgment which makes no reference to such a finding and to forward a certified copy of same to the Department of Corrections. In all other respects, the judgment is affirmed.

Hanson (P. D.), J., concurred.

**ANDREEN, J.** Concurring and Dissenting.—I concur with the opinion except for that portion under the heading "Evidentiary Sufficiency— Prior Prison Term."

There was substantial evidence before the jury to establish that the defendant was imprisoned pursuant to a judgment in action No. 19418. Although no showing of completion of the term was made,[1] such is unnecessary in the sense argued for by the majority. The statutory purpose of subdivision (g) of section 667.5[2] is to prevent two enhancements for a single sentence to state prison where parole was violated without a new commitment. (*People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 70-71 [159 Cal.Rptr. 894].)

The evident purpose of section 667.5 is ". . . the sensible one of providing courts with added punishment possibilities for prior imprisoned recidivist offenders." (*People* v. *Mathews* (1980) 102 Cal.App.3d 704, 711 [162 Cal.Rptr. 615].) It fosters the general purpose of determinate sentencing, which is, "to increase the penalties incurred by repeat offenders and thus deter recidivism." (*People* v. *Butler* (1980) 104 Cal. App.3d 868, 884 [162 Cal.Rptr. 913].)

The Legislature's evident purpose of preventing enhancements for parole violations was inartfully expressed when it utilized the term

---

[1]At sentencing, the trial court noted the defendant was on parole. However, the record is devoid of evidence to establish that fact.

[2]All statutory references are to the Penal Code.

"continuous completed" in subdivision (g). However, this imperfect use of the English language should not lead us into a grotesque result unintended by the Legislature.

As our Supreme Court stated in *Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208 [149 Cal.Rptr. 239, 583 P.2d 1281]: "The literal language of enactments may be disregarded to avoid absurd results and to fulfill the apparent intent of the framers. (See *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 259 . . .; *In re Kernan* (1966) 242 Cal.App. 2d 488, 491 . . . .)" (At p. 245.)

"The primary rule of statutory construction, to which all other such rules are subject, is that the courts must ascertain the intent of the legislature, whenever possible, in order to effectuate the purpose of the law. That intent must be gathered from the whole of a statute rather than from isolated parts or words." (58 Cal.Jur.3d, Statutes, § 100, p. 468, fns. omitted.)

I recognize that judicial preference for reasonable statutory construction in keeping with legislative purpose does not permit a rewriting of a statute. Such is unnecessary in order to bring reason to subdivision (g). The section is an attempt to define the words "prior separate prison term" as they are used in subdivisions (a) and (b). Subdivision (g) is a limitation on the court's power to impose an enhancement, so as to preclude two enhancements in the case of a reimprisonment either for a parole violation or following an escape. In the context considered here, it serves no other purpose.

*People* v. *George* (1980) 109 Cal.App.3d 814, 823 [167 Cal.Rptr. 603], upon which the majority relies, results in absurd consequences. If, in the instant case, the defendant faithfully obeyed the law and served his term and was released on parole, he should be in no worse position than if he escaped. But in the first case he would serve an additional year for enhancement; in the latter, he would escape the enhancement by escape from confinement. Such fallacious reasoning should be avoided. (*People* v. *Bulter, supra*, 104 Cal.App.3d at pp. 883-884.)

Can it be that a defendant who obeyed the law, served his term and is paroled is in a *worse* position than if he escaped? This is precisely the result of the *George* holding and which the majority countenances by its reliance on the flawed logic of that opinion. On conviction for a new of-

fense a parolee would suffer an additional one-year enhancement while an escapee would slip through the loophole of the majority's interpretation of subdivision (g) as facilely as he did prison security.[3]

The irony of the majority's interpretation of subdivision (g) is that it is an attempt to follow legislative dictates but thwarts the purpose of the sentencing law—to increase the penalties incurred by repeat offenders and thus deter recidivism. (See *People* v. *Butler, supra,* 104 Cal. App.3d at p. 884; *People* v. *Espinoza, supra,* 99 Cal.App.3d at pp. 73-74.)

Section 667.5 is not unlike one interpreted by the Supreme Court in *People* v. *McKinley* (1934) 2 Cal.2d 133 [39 P.2d 411]. While not mentioning section 1158, the California Supreme Court held in *McKinley* that a finding that a defendant suffered the prior conviction charged was a sufficient finding to subject that defendant to the term prescribed under former section 667,[4] a predecessor statute to section 667.5,[5] although former section 667 required that a prior prison term have been served to subject a defendant to the increased penalties of that section. The defendant was charged with petty theft with a prior. The only evidence of a prior conviction was a judgment of conviction of a crime and an affidavit that the judgment of conviction accompanied the defendant when he was committed to the Oklahoma state prison. On this sketchy evidence, the judgment was affirmed, the court stating: "In the present case the information in each count alleged the prior conviction and that the defendant had served a term in a penal institution therefor. The verdict as to each count found the defendant guilty of the particular offense after prior conviction of a felony as charged in the information. The judgment as to each count recited that the defendant had been

---

[3]It is no answer that escape is punishable as an independent crime, for if there is a conviction for escape, a defendant should suffer the statutory penalties for that crime in addition to appropriate punishment for other derelictions.

[4]Former section 667 provided: "Every person who, having been convicted of any felony either in this State or elsewhere, *and having served a term therefor* in any penal institution, commits petty theft after such conviction, is punishable therefor by imprisonment in the county jail not exceeding one year or in the State prison not exceeding five years. . . ." (Italics added.)

[5]Statutes 1976, chapter 1139, sections 267 and 268, pages 5137-5139, repealed section 667 and enacted section 667.5. Following passage of the Uniform Determinate Sentencing Act of 1976 subdivision (g), inter alia, of section 667.5 was amended in particulars not relevant to this appeal. (Stats. 1977, ch. 165, § 13, p. 644; Leg. Counsel's Dig. of Assem. Bill No. 476, 3 Stats. 1977 (Reg. Sess.) Summary Dig., p. 41.)

found guilty of petty theft after prior conviction of a felony, the judgments to run concurrently. There is no necessity for the further statement in the judgment that the defendant had served time for a prior felony, when, as here, the fact was charged, proved and found by the jury, in order to subject him to the term prescribed by section 667 of the Penal Code." (At pp. 135-136.)

It should be noted that the only proof that the defendant had served a term in prison was that he was committed and that the judgment of conviction accompanied him to the institution. There was no proof that he served any time there. For all that appears, he could have escaped during intake processing.

The proof at bench is no weaker than in *McKinley*. There is no indication in the record that appellant escaped or did anything other than complete his term.

The judgment should be affirmed in all particulars.