956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy R. DEHAVEN, Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 91-55299.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1992.
Decided March 11, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leroy R. Dehaven, a state prisoner, appeals from the dismissal of his second petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. The district court denied the petition on alternate grounds. The district court concluded that the claim of ineffectiveness of trial counsel was barred because it was successive and that the failure to raise his claims in his first petition was an abuse of the writ.
 
 
 3
 Dehaven seeks reversal on the following grounds:
 
 
 4
 One. The district court erred in denying the claim of ineffectiveness of trial counsel on the basis that the same ground was presented and resolved adversely in connection with his prior application for federal habeas corpus relief.
 
 
 5
 Two. The district court erred in concluding that the federal constitutional claims were not raised in the first petition due to inexcusable neglect.
 
 
 6
 Three. The ends of justice compelled the district court to consider the merits of each claim even if the failure to include them in the first petition was inexcusable neglect.
 
 
 7
 Each of Dehaven's claims was exhausted in state court. The district court denied Dehaven's request for a certificate of probable cause. This court granted a certification of probable cause on April 1, 1991.
 
 
 8
 We affirm because we conclude that the failure to raise each claim in the first federal petition for a writ of habeas corpus was an abuse of the writ and the ends of justice do not require that the merits of Dehaven's federal constitutional claim be resolved. We consider each of Dehaven's contentions and the facts pertinent thereto under separate headings.
 
 I.
 SUCCESSIVE PETITIONS
 
 9
 The district court concluded that the claim of ineffectiveness of trial counsel was successive because it was "necessarily resolved" in considering the challenge raised in the first petition to the effectiveness of appellate counsel. We review for abuse of discretion the denial of a petition for habeas corpus on the ground that it is successive or abusive. Sanders v. United States, 373 U.S. 1, 18-19 (1963); Neuschafer v. Whitely, 860 F.2d 1470, 1474 (9th Cir.1988). "A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits." Rule 9(b) Rules Governing Section 2254 Cases. 18 U.S.C. fol. § 2254 (1988). In his first petition for a writ of habeas corpus, Dehaven contended inter alia that appellate counsel was ineffective in failing to seek reversal on the ground that his trial counsel failed to object to the admission of a coerced confession. In its return to the first petition, the state argued that under California Law, Dehaven's appellate counsel was procedurally barred from raising the admissibility of the confession for the first time on appeal.
 
 
 10
 The failure of trial counsel to make a contemporaneous objection to the admission of a confession precludes a challenge on appeal to the trial court's evidentiary ruling under California law. People v. Green, 134 Cal.App.3d 587, 589 (1982); People v. Bennett, 60 Cal.App.3d 112, 116 (1976). A federal constitutional claim that is procedurally barred under state law cannot be raised in a petition filed pursuant to section 2254, absent a showing of cause or prejudice.
 
 
 11
 The district court denied the first petition for a writ of habeas corpus without stating its reasons. The order states: "Having considered the Reporter's Transcript, the Reporter's Supplemental Transcript, all papers filed in support of and in opposition to the writ of habeas corpus, the court hereby DENIES the petition for a writ of habeas corpus."
 
 
 12
 We cannot tell from the district court's cryptic order whether it denied the first habeas corpus petition because it concluded that appellate counsel was not ineffective in failing to attempt to raise an issue that was procedurally barred. We can say, however, that the district court erred in concluding that the denial of the first petition "necessarily resolved" Dehaven's claim that his trial counsel was ineffective for failing to object to the admission of the confession. The only issue "necessarily resolved" was that appellate counsel was not ineffective for failing to raise a procedurally barred claim. The question whether cause and prejudice existed for trial counsel's failure to object to the confession was not presented in the first petition for a writ of habeas corpus. Accordingly, we hold that the district court abused its discretion in determining that the claim of ineffectiveness of trial counsel was successive.
 
 II.
 ABUSE OF THE WRIT
 
 13
 The district court's alternative basis for denying Dehaven's second petition was that the claims "either have been resolved in his previous petition or constitute an abuse of the writ through his inexcusable neglect in not raising them earlier." A second petition for habeas corpus relief is procedurally barred "if new and different grounds are alleged, [and] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Rule 9(b), Rules Governing Section 2254 cases, 28 U.S.C. fol. § 2254 (1982). Abuse of the writ is established when the record shows that the claim "could have been raised in the first petition, but was omitted through inexcusable neglect." McCleskey v. Zant, 111 S.Ct. 1454, 1456 (1991). In McCleskey, the court instructed that "[t]o excuse his failure to raise the claim earlier, he [the defendant] must show cause--e.g., that he was impeded by some objective factor external to the defense ... as well as actual prejudice resulting from the errors of which he complains." Id. at 1456-57. A showing that the factual or legal basis for a claim was not reasonably available can satisfy the cause requirement. Id. at 1470.
 
 
 14
 Dehaven has failed to demonstrate cause for failing to assert his claim of ineffectiveness of trial counsel in his first petition. Dehaven knew or by reasonable means could have discovered each of the ineffectiveness of counsel issues.
 
 
 15
 Dehaven argues that he met his burden of showing excusable neglect by alleging that, because he had no more than a high school education, "he did not understand the legal significance of facts known to him at the time he filed his first petition." Appellant's Opening Brief at 7-8.
 
 
 16
 In the second habeas corpus petition, Dehaven alleged the following examples of his trial counsel's ineffectiveness.
 
 
 17
 1. Trial counsel failed to present psychiatric evidence.
 
 
 18
 2. Trial counsel failed to raise issues before the state court concerning presentation of the crime scene.
 
 
 19
 3. Trial counsel failed to raise any question concerning the failure to seize a car jack.
 
 
 20
 4. Trial counsel failed to attack the credibility of government witnesses.
 
 
 21
 5. Trial counsel failed to subpoena defense witnesses.
 
 
 22
 6. Trial counsel withheld the presentence report from Dehaven until he appeared for sentencing.
 
 
 23
 7. Trial counsel failed to prepare for the sentencing proceeding.
 
 
 24
 8. Trial counsel refused to turn over the trial file.
 
 
 25
 The record shows that the existence and legal significance of these claims were known to Dehaven prior to the date the first petition for habeas corpus was filed on February 19, 1985. In a letter to his appellate counsel dated October 11, 1983, Dehaven stated he would raise ineffectiveness of trial counsel, suppression of evidence, destruction of the crime scene, and failure to seize and present the car jack, and lack of psychiatric evidence in a petition for habeas corpus. This letter demonstrates that Dehaven understood the legal significance of these claims, notwithstanding his lack of a college education. In his first petition, Dehaven asserted that his appellate counsel was ineffective for failing to challenge his trial counsel's effectiveness. Dehaven has failed point to any outside impediment that kept him from bringing the ineffectiveness of counsel claims in the first federal habeas corpus petition.
 
 
 26
 Dehaven argues that he was not aware that his sister found a hole in the sidewalk tile until May of 1986. While Dehaven alleges that this evidence was not known by him prior to the filing of his first petition, he has not demonstrated that he was prevented from discovering evidence of the bullet impact area prior to February 19, 1985, by some factor external to the defense.
 
 
 27
 The district court did not abuse its discretion in considering that Dehaven had failed to show cause for his neglect to raise federal constitutional claims in this first petition.
 
 III.
 PREJUDICE
 
 28
 Dehaven argues that because his new claims make a showing of factual innocence, he is entitled to an evidentiary hearing even if we conclude that he has failed to demonstrate excusable neglect. We disagree.
 
 
 29
 Although evidence of the location of the bullet impact mark on the tire would serve to corroborate defense evidence that Dehaven fired warning shots, it would not demonstrate that shooting the deceased was legally justified. Therefore, this evidence would not demonstrate that he is innocent.
 
 CONCLUSION
 
 30
 Because Dehaven has failed to demonstrate cause or prejudice for the failure to include his federal constitutional claims in his first petition, the district court did not abuse its discretion in denying Dehaven's second petition for a writ of habeas corpus.
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-4