Filed 6/21/16  P. v. Jimenez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CESAR JIMENEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B265299<br>(Super. Ct. No. LA072683)<br>(Ventura County) |

Cesar Jimenez appeals judgment after an order revoking his postrelease community supervision (PRCS) and imposing a 180-day period of confinement.  (Pen. Code, § 3450 et seq.)[1]  He contends the period of confinement should not run consecutive to his sentence in another case.  The People agree.  We strike the portion of the judgment imposing a consecutive sentence and affirm the judgment as modified.

### BACKGROUND

Jimenez was released from prison on PRCS in 2014.  He violated the terms of his release when he used methamphetamine, did not report to probation as directed, and was convicted in a new case for possessing a controlled substance for sale (the Los Angeles case).  (Health & Saf. Code, § 11378.)

---

[1] All statutory references are to the Penal Code unless otherwise stated.

In the Los Angeles case, Jimenez was sentenced to 16 months in jail. Subsequently, the trial court revoked Jimenez's PRCS in this case. It imposed a 180-day period of confinement in jail for the PRCS violations. (§ 3455, subd. (a).) Jimenez was still serving his sentence in the Los Angeles case. The trial court ordered the period of confinement to run consecutive to the Los Angeles sentence, over Jimenez's objection.

DISCUSSION

The People concede that the period of confinement for Jimenez's PRCS violation is not a new sentence. (§ 669, subd. (a) [authority to run sentences concurrent or consecutive when a defendant is convicted of two or more crimes]; see *People v. Mathews* (1980) 102 Cal.App.3d 704, 713 [defendant returned to prison on a parole violation is not serving a sentence for purposes of consecutive sentencing provisions].)

DISPOSITION

The portion of the judgment imposing a consecutive sentence is stricken. The superior court shall amend the abstract of judgment accordingly. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

2

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.